311 So.2d 684 (1975)
William C. BOCK, Petitioner,
v.
Joanna Louise BOCK, Respondent.
No. 75-337.
District Court of Appeal of Florida, Second District.
April 23, 1975.
Rehearing Denied May 19, 1975.
*685 John E. Karvonen of Piper & Casler, St. Petersburg, for petitioner.
G. Robert Schultz, St. Petersburg, for respondent.
BOARDMAN, Acting Chief Judge.
This is the second appearance of this case before the court. The cause is now before us upon a certified question pursuant to Rule 4.6, F.A.R.
Briefly stated, the facts are that the marriage of the parties was dissolved on December 29, 1972, by entry of a judgment which awarded the wife custody of the minor children, alimony and child support. Subsequently, the trial court entered an order modifying the judgment by reducing the husband's monthly alimony payment. The wife appealed this order of modification without a stay pending appeal. This court reversed the trial court's order of modification in Bock v. Bock, Fla.App.2d, 1974, 302 So.2d 774. After issuance of our mandate in the cited case the wife moved alternatively for contempt or relief. The trial court entered an order provisionally reinstating the original judgment of dissolution prospectively from the date of our mandate and has certified to us the following question:
Where an order of modification of judgment of dissolution reducing the husband's alimony payments is appealed by the wife without stay and reversed on appeal without directions, should the trial court reinstate the original judgment of dissolution retroactively to the date of the modification, prospectively from the date of the mandate of reversal by the Appellate Court, or is the determination within the discretion of the trial court?
In the trial court's order of certification the trial judge stated that he is reserving final ruling until this court decides the applicability of our recent decision in Howell v. Howell, Fla.App. 1974, 301 So.2d 781, on the issue involved in the instant case. In Howell, we held it would be equitable that the original alimony be reinstated prospectively. Therefore, we specifically provided in that opinion such direction to the trial court, based upon the special facts presented in that case.
In answering the certified question, we hold that when this court does not provide the trial court with any directions, the trial court should reinstate the original judgment of dissolution retroactively to the date of modification thereby placing the parties in the same status as they were prior to modification proceedings. It is established law in Florida that where an order is reversed on appeal without directions, it must be returned to the trial court as if the reversed order had never been made. See Smith v. Smith, Fla. 1960, 118 So.2d 204. In our ruling, we leave to the trial court's discretion, the time and manner in which the alimony arrearage shall be paid by the husband to his former wife.
Accordingly, we remand this cause for entry of an appropriate order consistent with this opinion.
GRIMES and SCHEB, JJ., concur.