0418

Louise V. WALKER, Appellant, v. Jerald J. FRERICKS, Respondent.

(328 S. E. (2d) 126)

Court of Appeals

*Stuart G. Anderson, Jr.*, Greenville, *for appellant.*

*Wallace A. Mullinax, Jr.*, Greenville, *for respondent.*

Heard Jan. 30, 1985.

Decided March 13, 1985.

CURETON, Judge:

This is an action to enforce a Florida decree of permanent alimony. The Family Court of Greenville County ordered the respondent Jerald Frericks to pay arrearages of $10,074, but terminated his obligation to pay future alimony. We reverse and remand.

In July, 1977, the Circuit Court of Brevard County, Florida, ordered Frericks to pay his former wife, appellant Louise Walker, permanent alimony of $136.46 per week. The court specifically reserved jurisdiction to enforce the judgment.

Mrs. Walker brought this action in March, 1982, to enforce the Florida decree, collect arrearages and secure other relief not at issue on appeal. In his answer and counterclaim, Frericks requested termination or reduction of the alimony payments because of alleged changes in the parties' circumstances.

The Family Court of Greenville ordered Frericks to pay the accumulated arrearages and terminated his obligation for future alimony based upon its finding of changed circumstances. Mrs. Walker appealed. She now contends on appeal that the family court was required to give full faith and credit to the Florida decree and was therefore without jurisdiction to modify the provision concerning future installments of alimony.

The validity and finality of the Florida judgment is not challenged in any respect and is entitled to full faith and

credit in the courts of South Carolina. U. S. Const. art. IV, Section 1; 28 U. S. C. Section 1738 (1958); *McLeod v. Sandy Island Corporation*, 260 S. C. 209, 195 S. E. (2d) 178 (1973); *Marshall v. Marshall*, 318 S. E. (2d) 133 (S. C. App. 1984).

With respect to alimony, it is the law of Florida that every such award is subject to modification based on changed circumstances. Fla. Stat. Ann. Section 61.14 (West 1977); *Muss v. Muss*, 390 So. (2d) 415 (Fla. App. 1980); *Stebbins v. Stebbins*, 435 So. (2d) 383 (Fla. App. 1983). Since the judgment is modifiable in Florida, it need receive no greater credit in South Carolina, and may be re-examined and modified here. *Durfee v. Duke*, 375 U. S. 106, 84 S. Ct. 242, 11 L. Ed. (2d) 186 (1963); *McLeod v. Sandy Island Corporation, supra; Marshall v. Marshall*, 318 S. E. (2d) 133, 137 (S. C. App. 1984) (Goolsby, J., concurring).

Mrs. Walker relies on *Johnson v. Johnson*, 196 S. C. 474, 13 S. E. (2d) 593 (1941) and *Bennett v. Bennett*, 260 S. C. 605, 198 S. E. (2d) 114 (1973), as support for her contention that the Florida decree may not be modified. We find neither of these cases persuasive of the issue before us which is whether this State, consonant with the requirements of full faith and credit, may modify an alimony decree upon the same basis upon which it would be modifiable in the forum state pursuant to statute. We hold that the courts of this State may modify such decrees if it is found that a material change in the circumstances of the parties has occurred.

In domestic relations actions such as this one, we may find facts according to our view of the preponderance of the evidence. *Mitchell v. Mitchell*, 320 S. E. (2d) 706 (S. C. 1984). We conclude from the evidence before us that the parties' change in circumstances does not justify a complete termination of all alimony support.

At the time of the hearing, Mrs. Walker was 53 years old. Although she had obtained a college degree after entry of the alimony decree, she had failed to maintain adequate employment, in part because of mental and physical disabilities. Her present part-time job provided her with income of $100 weekly. She testified she was under psychiatric care and was taking Triavil, a drug used to treat various psychoses and neuroses, four times a day. Mrs. Walker further testified she could not afford housing and was currently

receiving free room and board from the family of an elderly man with whom she previously sat.

Mr. Frericks, 66 years old, had retired from full-time employment as a project engineer since entry of the Florida judgment. He continued to work, however, on a job-by-job basis for his employer. He also received retirement income of $1,390 monthly. Although he testified his expenses exceeded his income, the evidence revealed that he had remarried and his present wife was employed. In addition to basic housing, Frericks owned a time share in a lake condominium, stocks worth $18,000, an Individual Retirement Account of $6,000 and several certificates of deposit.

Based on this evidence, we hold the family court abused its discretion in terminating rather than reducing Frericks' obligation to pay alimony. For this reason, the judgment terminating alimony is reversed and the case is remanded for a hearing on the amount of alimony Mrs. Walker is to receive, giving due consideration to the changes in the parties' circumstances.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.