0489

Gudrun G. A. BANNEN, Appellant, v. William J. BANNEN, Respondent.

Court of Appeals

*David H. Wilkins*, of *Wilkins & Wilkins*, Greenville, *for appellant.*

*J. D. Todd, Jr.*, of *Leatherwood, Walker, Todd & Mann*, Greenville, *for respondent.*

Heard March 19, 1985.

Decided June 4, 1985.

SHAW, Judge:

The family court granted appellant Gudrun G. A. Bannen a divorce from respondent William J. Bannen, together with alimony, the marital residence, and attorney's fees. This appeal presents three issues: did the court err in (1) holding Mrs. Bannen does not have an equitable interest in Dr. Bannen's professional association, (2) ruling Mrs. Bannen is not qualified to testify as to the value of the business' property, and (3) determining alimony. We affirm in part, reverse in part, and remand.

In appeals from family courts we have jurisdiction to find the facts in accordance with our own view of the preponderance of the evidence. *Mitchell v. Mitchell,* 283 S. C. 87, 320 S. E. (2d) 706, 708 (1984); *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976). Questions regarding equitable distribution, admission of evidence, and alimony rest with the sound discretion of the trial judge, whose conclusion will not be disturbed absent a showing of abuse of discretion. *Rogers v. Rogers,* 280 S. C. 205, 311 S. E. (2d) 743, 744 (Ct. App. 1984); *Cudd v. John Hancock Mutual Life Insurance Co.,* 279 S. C. 623, 310 S. E. (2d) 830, 833 (Ct. App. 1983); *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541, 543 (1975).

Dr. and Mrs. Bannen married in Iceland in 1952 and settled in Simpsonville two years later. From 1954 to 1970 Mrs. Bannen was not only a mother to three children and homemaker, she was also an unpaid part-time receptionist, secretary, and bookkeeper in her husband's medical partnership. In 1980 Dr. Bannen formed a professional association. On July 3, 1980 Dr. Bannen conveyed his one-half interest in the real estate and medical office to the professional association. In 1979 and 1980 Dr. Bannen earned gross income of $71,000 and $74,000, but his first full year in the association his gross income fell to $58,000. In 1981 Dr. Bannen left the marital home.

I

Equitable distribution is based on a recognition that marriage is, among other things, an economic partnership. Upon dissolution of the marriage, property accumulated during the marriage should be divided and distributed in a manner which fairly reflects each spouse's contribution to its acquisition, regardless of which spouse holds legal title. *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984).

We have held that an interest in a business may constitute marital property. *Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (Ct. App. 1984); *Reid v. Reid, supra.* Likewise, one spouse's contribution of services to the other's business may create a special equity in the contributing spouse's favor. *Poniatowski v. Poniatowski*, 275 S. C. 11, 266 S. E. (2d) 787 (1980). However, classification and division of a spouse's interest in a professional association is a question of first impression in this state.

Unlike other business interests, ownership of shares in a professional corporation is restricted by law to duly licensed members of the profession concerned. *See* § 33-51-100, Code of Laws of South Carolina, 1976. Because of this restriction, Mrs. Bannen cannot be awarded an interest, legal or equitable, in Dr. Bannen's professional association. *See Litman v. Litman*, 93 A.D. (2d) 695, 463 N.Y. S. (2d) 24 (1983), *aff'd.* 61 N.Y. (2d) 918, 474 N.Y.S. (2d) 718, 463 N.E. (2d) 34 (1984). However, this statutory prohibition does not preclude consideration of the husband's interest in the professional association in reaching an equitable distribution of the marital estate.

There are persuasive reasons to include the value of Dr. Bannen's interest in the professional association in determining the value of the marital estate. Mrs. Bannen served as an unpaid secretary, receptionist, and bookkeeper for sixteen years while the practice was a partnership. Were it an ordinary corporation, she would be entitled to a special equity in her husband's interest in the business by virtue of this contribution of services. *Reid v. Reid, supra.* It would be inequitable to permit a change in the form of ownership of the medical practice to erase her contributions to its development or to destroy her right to

have the value of those contributions considered in dividing the marital estate.

We, therefore, hold that in an action such as this, in which an equitable division is appropriate but distribution of an interest in a professional association would be contrary to law, the court, in lieu of granting the wife an interest in the professional association, should consider its value in valuing the marital estate and then make a distributive award equivalent to the wife's equity in the professional association from other assets of the marital estate.[1]

Since the family court failed to consider the value of Dr. Bannen's interest in the professional association as part of the marital estate, we reverse the equitable distribution and remand for redetermination consistent with this opinion.

II

The court refused to allow Mrs. Bannen to testify as to the value of the professional association's property on the grounds she was neither an expert as to valuation nor the owner of the property. However, the Supreme Court has held persons who are neither experts nor owners are not on those bases alone precluded from testifying as to valuation.

> It is universally recognized that opinion testimony of a non-expert who has sufficient knowledge of the value of the property in question, or who has had ample opportunity for forming a correct opinion of it, is admissible. If he is one other than the owner of the property in question, it must be demonstrated that he has some source of knowledge of the value of the property in order to remove his opinion from the realm of mere conjecture.

*City of Spartanburg v. Laprinakos*, 267 S. C. 589, 230 S. E. (2d) 443, 444-445 (1976). *Accord South Carolina State High-*

---

[1] New York has adopted a like rule by legislative enactment. *See* N.Y. Dom. Rel. Law § 236(B)(5)(e). South Carolina has no such statute. However, the policy underlying equitable distribution in this State is substantially similar to the legislative policy expressed in the New York Domestic Relations Law. *Cf. Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982), *with Litman v. Litman, supra.*

*way Dept. v. Rural Land Co.*, 250 S. C. 12, 156 S. E. (2d) 333, 339 (1967).

At the hearing it was demonstrated Mrs. Bannen had knowledge of the value of the business' property, for she testified she not only worked in the building sixteen years, but also signed the mortgage when the office was first built.

Therefore, we hold the trial court abused its discretion in disallowing Mrs. Bannen's testimony regarding the value of the professional association's property.

### III

In its decree, the family court also determined Mrs. Bannen is entitled to $1,600 per month alimony. Mrs. Bannen excepts to this award because during the pendency of the divorce proceedings Dr. Bannen had been making voluntary support payments exceeding that amount by about $135 per month.

The amount of alimony to be awarded is committed to the trial judge's discretion. His decision should not be disturbed unless a clear abuse of discretion is shown. *Clardy v. Clardy*, 266 S. C. 270, 222 S. E. (2d) 771 (1976); *Long v. Long*, 247 S. C. 250, 146 S. E. (2d) 873 (1966). Here there was testimony that Mrs. Bannen's expenses were some two to three hundred dollars per month less at the time of the hearing than they had been when Dr. Bannen began making support payments *pendente lite*. While the amount of the voluntary payments may indicate the parties' needs and ability to pay, it is not conclusive of the amount of alimony to be awarded in the final decree. *Cf. Major v. Major*, 277 S. C. 318, 286 S. E. (2d) 666 (1982) (voluntary post-emancipation child support). There is ample basis in the record for the amount of alimony awarded by the family court. Under the circumstances, this Court will not substitute its judgment for the family court's discretion in the matter of alimony.

Therefore, we affirm the alimony, reverse the equitable distribution and remand for redetermination consistent with this opinion.

Affirmed in part, reversed in part and remanded.

GARDNER and BELL, JJ., concur.