0499

Arnold E. BROWN, Appellant, v. Sarah R. BROWN, Respondent.
(331 S. E. (2d) 793)

Court of Appeals

*Peter M. Perrill*, Rock Hill, *for appellant.*

*Forrest C. Wilkerson, Roddey, Carpenter & White*, Rock Hill, *for respondent.*

Heard March 21, 1985.

Decided June 11, 1985.

BELL, Judge:

Arnold Brown appeals from an order of the family court

requiring him to pay an alimony arrearage of $2,591.00 to his former wife, Sarah Brown. Sarah cross appeals from that portion of the order permitting the arrearage to be paid in installments. We affirm.

The parties were divorced in July 1979. The final decree required Arnold to pay Sarah alimony of $650.00 a month. In February 1981, the family court decreased alimony payments in an amount adjusted annually to equal 21% of Arnold's income for the previous year. The Supreme Court reversed the modification of alimony, expressly leaving in effect the divorce decree directing Arnold to pay monthly alimony of $650.00. *See Brown v. Brown,* 278 S. C. 43, 292 S. E. (2d) 297 (1982).

From March 1981 through April 1982, Arnold paid approximately $465.00 a month in alimony pursuant to the 1981 family court order. In October 1982, the family court issued the order now appealed, directing Arnold to pay an alimony arrearage of $2,591.00 in installments of $100.00 a month until satisfied. The arrearage represents the difference between what Arnold actually paid from March 1981 to April 1982 and what he would have paid under the original divorce decree.

I.

Generally, reversal of a judgment on appeal has the effect of vacating the judgment and leaving the case standing as if no such judgment had been rendered. *Baker, Johnson & Co. v. Bushnell,* 26 S. C. L. (1 McMul.) 272 (1841). Consequently, a party who receives payment under a judgment subsequently reversed must restore whatever advantage he obtained thereby to his adversary. *Miller v. Springs Cotton Mills,* 225 S. C. 326, 82 S. E. (2d) 458 (1954) (dictum). The first issue in this appeal is whether these general principles apply to a judgment reducing alimony if it is subsequently reversed.

The issue is one of first impression in South Carolina. However, the courts of other jurisdictions have held that when a judgment reducing support payments is reversed on appeal, the parties are placed in the same position as if no reduction had been ordered and the supporting spouse is liable for arrearages from the date of the reduction

to the date of reversal. *See O'Brien v. O'Brien*, 347 So. (2d) 1288 (La. App. 1977); *Bock v. Bock*, 311 So. (2d) 684 (Fla. App. 1975); *cf. McKay v. McKay*, 93 Ga. App. 42, 90 S. E. (2d) 627 (1955). We are persuaded this is the correct rule. Accordingly, we hold that Arnold is liable for the arrearage in this case.

Arnold argues for a contrary result on the authority of *Jeffords v. Jeffords*, 216 S. C. 451, 58 S. E. (2d) 731 (1950), and *Bagwell v. Ernest Burwell, Inc.*, 227 S. C. 168, 87 S. E. (2d) 583 (1955). Neither decision is applicable to these facts. *Jeffords* concerned a *pendente lite* award of attorney's fees. *Bagwell* was a worker's compensation case. Both decisions rested on special statutory provisions authorizing temporary relief during the pendency of litigation. There is no similar statute governing the situation presented in this case.

## II.

The second issue is whether the family court abused its discretion in permitting the arrearage to be paid in installments. The manner in which alimony arrearages are to be paid is a matter within the sound discretion of the family court. *Bock v. Bock, supra; see Gardner v. Gardner*, 253 S. C. 296, 170 S. E. (2d) 372 (1969) (judgment for $14,106.49 in child support and alimony arrearages ordered paid at rate of $75 per month). In this case, Arnold made the reduced alimony payments under a court order that was presumptively valid until reversed. His earning capacity has decreased and will probably continue to do so. In these circumstances, we find no abuse of discretion in permitting payment of the arrearage in installments. *Cf. Sharum v. Dodson*, 264 Ark. 57, 568 S. W. (2d) 503 (1978) (court has power to allow support arrearage to be paid in installments since it would allow judgment debtor to avoid punishment for contempt).

Affirmed.

SANDERS, C. J., and SHAW, J., concur.