0526

Arthur D. STEVENSON, Appellant, v. EMERSON ELECTRIC CORPORATION and B. J. Wetzel, Respondents.

(333 S. E. (2d) 355)

Court of Appeals

*Reginald C. Brown, Jr.,* of *Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield,* Florence, *for appellant.*

*Charles E. Hill,* Columbia, *for respondents.*

Heard May 22, 1985.

Decided July 16, 1985.

CURETON, Judge.

This is an action for malicious prosecution. The circuit court granted the motions of respondents Emerson Electric Corporation and B. J. Wetzel for an involuntary nonsuit. Appellant Arthur Stevenson appeals, contending the court erred in applying South Carolina substantive law, refusing to admit certain evidence and denying a motion to produce. We disagree and affirm.

At the time in question, Arthur Stevenson was an employee of Emerson Electric and B. J. Wetzel was manager of Emerson's Marlboro County plant. Among other things, Emerson manufactures ceiling fans.

While in High Point, North Carolina during his vacation, Stevenson received a shipment of several Emerson ceiling fans from the Marlboro plant.[1] Prior to their shipment, the fans had been discovered without the usual order forms on Emerson's loading dock by company employees. Suspicious the fans were stolen, Emerson had alerted the Marlboro County Sheriff. The Sheriff had advised that the fans be shipped to their destination. Following Stevenson's receipt of the fans, the Sheriff's office and the High Point Police Department conducted an investigation. Stevenson was charged in North Carolina with receiving stolen goods.

The charge against Stevenson was dismissed at a probable cause hearing in North Carolina. The court ruled that the fans ceased to be "stolen" after Emerson's discovery of the fans in its possession prior to Stevenson's receipt of them.

Stevenson instituted the present action for malicious prosecution against Emerson and Wetzel based on the above incident. After Stevenson presented his evidence, the circuit court granted Emerson's and Wetzel's motions for an involuntary nonsuit.

## A.

Stevenson first contends the court erred in applying South Carolina's substantive law of malicious prosecution in reviewing his evidence to determine whether the motion for involuntary nonsuit should be granted. Stevenson asserts that the choice of law issue presented here is resolved in this State by the rule of *lex loci delicti*. According to the rule, South Carolina would apply the law of the place of the tortious injury. The injury giving rise to the action for malicious prosecution, Stevenson argues, occurred in North Carolina. The arrest, post-arrest proceedings, trial and favorable termination all occurred in North Carolina. He therefore contends the court should have applied North Carolina's substantive law of malicious prosecution.

---

[1] Emerson employees receive a discount on their purchase of company merchandise.

Stevenson further contends that had the court applied North Carolina law, the nonsuit would not have been granted because North Carolina's law of malicious prosecution requires proof of fewer elements and permits a more expansive proof of the elements.

Emerson and Wetzel on the other hand assert that South Carolina law requires that a party intending to rely on the application of another state's law must plead or otherwise give reasonable notice of that fact. They point out that Stevenson failed to plead the applicability of North Carolina law or to give other reasonable and timely notice.

Resolution of the question raised is governed by the Uniform Judicial Notice of Foreign Law Act, S. C. Code Ann. Section 19-3-120 (1976). That Section provides that "[e]very court of this State shall take judicial notice of the common law and statutes of every state . . . of the United States when such common law or statutes shall have been put in issue by the pleadings." Section 19-3-150 provides further that a litigant may ask that the court take judicial notice of the laws of another state or may present evidence of them if he has given reasonable notice to the adverse party in his pleadings or otherwise.

A review of Stevenson's complaint reveals that it contains no allegation that North Carolina law is applicable to the action alleged. Instead, Stevenson raised the issue of the applicability of North Carolina law for the first time just prior to presentation of his evidence. It is clear that the purpose of the requirement of Section 19-3-150 that a party give the adverse party reasonable notice of his intent to rely on another state's law is to prevent unfair surprise by allowing the adverse party an opportunity to acquaint himself with the foreign law. We hold in this instance that Stevenson failed to provide Emerson and Wetzel with reasonable notice of the applicability of North Carolina law because the notice was not timely given.[2]

---

[2] Had we determined that Stevenson gave reasonable notice of the applicability of North Carolina law, we are persuaded that the result in this case would still be the same. *Cf. Eaves v. Broad River Electric Cooperative, Inc.,* 277 S. C. 475, 289 S. E. (2d) 414 (1982); *Cook v. Lanier,* 267 N. C. 166, 147 S. E. (2d) 910 (1966).

Where the law of another jurisdiction is not pleaded, that state's law is assumed to be the same as that of South Carolina. *Russell Willis, Inc. v. Page*, 213 S. C. 156, 48 S. E. (2d) 627 (1948). Consequently, the court correctly applied the law of South Carolina in determining whether a nonsuit was proper.

### B.

Stevenson next contends the court erred in ruling that an investigative report of the criminal case prepared by Marlboro Deputy Sheriff Munnerlyn for Sheriff Weatherly was inadmissible after its authentication by the sheriff. The report was offered to show the respondents' malice in pursuing the criminal charges. Respondents Emerson and Wetzel objected to its admission on the grounds the report contained hearsay evidence and Munnerlyn was available to testify.

As a general rule, the admission or exclusion of evidence is a matter left to the sound discretion of the trial judge. *Clark v. Ross*, 328 S. E. (2d) 91 (S. C. Ct. App. 1985). The exercise of that discretion will not be reversed on appeal unless abuse thereof is shown. *Id.* Stevenson has failed to articulate any legal principle which the court violated in excluding the report. Our review shows that the report is filled with hearsay evidence which Stevenson sought to have admitted to prove the truth of the matter asserted in the report, i.e, that the respondents were suspicious that he was involved in the theft of merchandise. Written reports of investigations made by persons not offered as witnesses are inadmissible as hearsay. *Cooper Corporation v. Jeffcoat*, 217 S. C. 489, 61 S. E. (2d) 53 (1950). For these reasons, we hold that the court properly excluded the report.

### C.

Finally, Stevenson contends the court erred in denying his motion for the production of investigative reports that were prepared by an Emerson employee based on suspicious activities occurring in the plant nearly two years prior to Stevenson's arrest. The motion was made during the pretrial conference, one day before the trial began.

Circuit Court Rule 88 provides that the court may order production of a relevant document upon a showing of good cause, and upon ten days' written notice to all parties. Stevenson clearly did not comply with the dictates of Rule 88. Moreover, assuming the court erred in refusing to order production of the records, the error could not have prejudiced Stevenson because he failed to appeal from the court's subsequent refusal to admit the records in evidence. The Court will not reverse a judgment on the basis of harmless error. *Sturkie v. Sifly*, 280 S. C. 453, 313 S. E. (2d) 316 (Ct. App. 1984).

### D.

We have reviewed the assignments of error alleged and find the allegations to be without merit. Accordingly, the judgment of the circuit court is

Affirmed.

SHAW and BELL, JJ., concur.