0908

Louise V. WALKER, Appellant-Respondent v. Jerald J. FRERICKS, Respondent-Appellant.

(354 S. E. (2d) 915)

Court of Appeals

*Stuart G. Anderson, Jr.,* Greenville, *for appellant-respondent.*

*Wallace A. Mullinax, Jr.,* of Greenville, *for respondent-appellant.*

Submitted Feb. 25, 1987.

Decided March 23, 1987.

CURETON, Judge:

This case is on appeal following remand to the family court from the decision in *Walker v. Frericks*, 285 S. C. 139, 328 S. E. (2d) 126 (Ct. App. 1985) to determine a proper amount of alimony. The family court reduced alimony payments to the former wife, Louise Walker, to $260.00 per month, ordered payment of an alimony arrearage in the amount of $10,660.00, and directed that the arrearage be paid in the amount of $40.00 per month. The court ordered the former husband, Jerald Frericks, to pay Walker's guardian ad litem fee and awarded certain costs and attorney fees to Walker. Both sides appeal. We affirm as modified.

The parties, married in 1967, were granted a divorce by a Florida court in July 1977. Walker was awarded $600.00 monthly periodic alimony by the Florida court. She brought an action in South Carolina in March 1982 to enforce the Florida decree and collect alimony arrearages. Frericks answered and counterclaimed for a termination or reduction of alimony due to changed circumstances. The family court found that Walker, then 53, had obtained a college degree and had been employed since the divorce. While the court noted that the Florida court had recognized Walker had mental problems, it believed her employment and demeanor in the hearing indicated she was not mentally disabled and was capable of gainful employment. The court also found that since the divorce Frericks, then 66, had retired from his job. Based on these changed circumstances, the court terminated alimony and ordered Frericks to pay a total alimony arrearage of $10,074.72.

In *Walker v. Frericks, supra,* this Court held that although Walker had obtained a college degree, she had failed to maintain adequate employment in part because of mental and physical disabilities. She at that time was taking a drug "used to treat various psychoses and neuroses." While Fre-

ricks had retired from full-time employment, he continued on a consultant basis to earn some income, had certain assets, and earned a set amount of social security and pension income. The Court therefore reversed the judgment terminating alimony and remanded to set an appropriate amount of alimony giving due consideration to the changes in the parties' circumstances.

The hearing on remand was originally set for August 12, 1985. Walker, however, failed to appear. Her attorney reported that she was "emotionally spent" and financially unable to attend the hearing. He requested a continuance and appointment of a guardian ad litem to properly protect her rights. The judge granted the motion in an order dated August 29, 1985.

The merits hearing took place on December 16, 1985. In an order entered December 20, 1985, the judge found Walker worked twenty hours per week for a net monthly income of $256.00. She lived in a small furnished apartment with no telephone, television, or air conditioning. Her household goods and furniture, which would not fit in her apartment, were in storage. Since the 1982 hearing she had lived with relatives and currently received support from her son. She had been on welfare, and her present job was secured for her by the State of Florida so that she would have funds to pay for her medications. The judge found she took prescription drugs for which she incurred expenses exceeding $700.00 in the past year.

The judge found also that Frericks had an income of approximately $1,508.00 per month from social security and McDonald-Douglas pensions. He occasionally worked part-time for his previous employer on a job-by-job basis. Frericks was remarried and his wife had retired since the last hearing. He owned a home with his wife and had substantial equity in the home. In addition, they owned a condominium, two automobiles, had a savings account of $1,100.00 and an average checking account balance of $835.00. The judge found that since the 1982 hearing, Frericks had transferred $21,000.00 in certificates of deposit to his wife.

Based on this evidence, the judge set alimony for Walker of $260.00 per month. He also awarded her accrued arrearages from August 1982 through December 1985 in the

amount of $10,660.00 based on the reduced rate of $260.00 per month. He ordered Frericks to pay the arrearage at the rate of $40.00 per month. The judge ordered Frericks to pay Walker $2,000.00 for attorney fees, to pay the $210.00 guardian ad litem fee, and to reimburse Walker for $164.55 in expenses incurred in attending the hearing. We will consider the appeals separately.

## WALKER'S APPEAL

### A.

Walker first argues the trial court abused its discretion in retroactively reducing her alimony, and that any modification should be effective prospectively only. She states this is mandated by language in *Brown v. Brown*, 286 S. C. 56, 331 S. E. (2d) 793 (Ct. App. 1985) which states that when a judgment reducing support is reversed on appeal, the parties are placed in the same position as if no reduction had been ordered, and the supporting spouse is liable for arrearages from the date of the reduction to the date of reversal.

In *Brown*, the family court had decreased the amount of monthly alimony payments. The Supreme Court, however, reversed this modification and left the original amount in effect. On remand, the family court required the husband to pay an arrearage based on the difference between the original alimony award and the modified award, since the Supreme Court had reinstated the original amount.

In this case, however, the original decree awarded Walker $600.00 per month. The 1982 order terminated the award. This Court reversed and remanded for a hearing to set a proper amount of reduced alimony based on changed circumstances. The judge then set an amount of $260.00 per month, and used this amount to determine the alimony arrearage due from the 1982 hearing. It would have been error, therefore, for the family court to have awarded the arrearage since 1982 based on the original award.

In her brief Walker appears to argue that no evidence was produced to show that her needs or condition had changed. She has not, however, appealed the amount of periodic alimony awarded, and has no exception addressing this point. Where a contention is not raised by proper

exception, this court may not consider the issue on appeal. *Southern Region Industrial Realty, Inc. v. Timmerman*, 285 S. C. 142, 328 S. E. (2d) 128 (Ct. App. 1985).

### B.

Walker also argues the family court abused its discretion in ordering the $10,660.00 alimony arrearage to be paid in installments of $40.00 per month. We agree. Frericks has an income of approximately $1,500.00 per month from pensions, and sporadically earns income from part-time employment. He testified he has approximately $47,000.00 equity in a home titled jointly with his present wife, a savings account balance of $1,100.00, an average checking account balance of $700.00, $13,000.00 in an IRA, a lake condominium time-share jointly owned with his wife with an equity of $6,000.00, and 1980 and 1983 model cars with no liens. The judge found Frericks had transferred his interest in certificates of deposit for approximately $21,000.00 to his present wife since the last hearing.

Frericks' financial declaration shows that while his income is stated at $1,508.61 and his expenses at $2,050.68, his expenses include monthly expenditures such as $450.00 for food and household supplies, $175.00 for entertainment including $90.00 country club dues, $75.00 in savings, a $20.00 condominium maintenance fee, and a questionable $400.00 monthly expense for cars. Frericks included all of the monthly mortgage, utilities and food expenses on his financial declaration although the house is titled jointly with his present wife and these expenses cover two persons. His wife, who has recently retired, also receives a pension. Frericks has paid no alimony since the 1982 hearing except the arrearage ordered to be paid at that time.

This court is at liberty in an equity case to find facts based on our own view of the preponderance of the evidence. *White v. White*, 290 S. C. 515, 351 S. E. (2d) 585 (Ct. App. 1986). While the family court has discretion in setting the manner in which alimony arrearages are to be paid, *Brown v. Brown, supra*, we find Frericks' assets substantial enough that a $40.00 monthly installment payment constitutes an abuse of discretion. At the legal interest rate of 14% per annum under Section 34-31-20, Code of Laws of

South Carolina, 1976, this payment does not even approach the amount of monthly interest accumulating on the principal. Thus, theoretically, Frericks would never pay the arrearage. Following our review of the record, we hold the payment on the arrearage should be increased to $125.00 per month.

## FRERICKS' APPEAL

### A.

Frericks first argues it was improper for the judge to appoint a guardian ad litem for Walker without first determining whether she was sufficiently competent mentally to proceed in the action. We disagree.

The family court stated in the hearing in which it granted the motion of Walker's counsel to appoint a guardian ad litem that "there certainly is evidence of mental disability in the record in this case." In its written order the court based its decision "upon due consideration of counsel's motions and considering the psychiatric findings in the record."

Assuming that the trial judge erred in appointing a guardian ad litem for Walker, such error does not require a reversal of the trial order. In *Barr v. One 1935 V-8 Ford Truck*, 188 S. C. 181, 198 S. E. 389 (1938), it is stated:

> [t]o justify such an appointment, [of a guardian ad litem] which may have the effect to deprive a person of the control of litigation in which his interests may be largely involved, the fact of incompetency should be specifically alleged, and the Court should be satisfied from the proofs that the status of incompetency actually exists at the time the appointment is made.

Thus, the primary consideration of the courts in ensuring that guardians ad litem are not appointed for competent persons is to avoid depriving competent persons of the *right to control their own litigation.*

Here, Walker does not object to the appointment. Moreover, Frericks' objections relate to having to pay the guardian ad litem fee and the implication that the trial judge

awarded Walker more alimony because he considered her incompetent. A review of the record and trial court order does not reflect that the award of alimony was based on the fact that Walker was incompetent. As to the requirement of Frericks to pay the guardian ad litem fee, we modify the award to require Walker to pay such fee.

## II.

Frericks next argues the judge's award of periodic alimony of $260.00 per month was based on findings of fact not supported by the record. He argues this warrants reversal of the alimony award including the award of monthly payments allocated toward arrearages. We disagree.

## A.

Frericks first argues the record does not support the judge's findings as to assets owned by the parties. He maintains the judge incorrectly found he had transferred his interest in certificates of deposit totaling approximately $21,000.00 to his present wife since the 1982 hearing. Frericks testified at the hearing that at the time of the previous hearing the certificates of deposit were in his and his wife's names. He then stated that "after the hearing in '82 she elected to take her money back and handle it herself," that his wife took her money and put it into the equity in the house and in her own account, and that they no longer had those certificates of deposit. Finally, he stated that his present wife has $35,000.00 in two certificates of deposit. We find from this rather confusing testimony that the judge's finding is supported by the record.

Frericks also questions the judge's finding that he owns a condominium. He testified he owned free and clear a time-share in a lake condominium in which he estimated he had a $6,000.00 equity, of which he could claim half, or $3,000.00. We find no reversible error here. Frericks also claims the judge erred in finding he had an average checking account balance of $835.00.[1] Frericks actually testified that his "average" balance was probably around $700.00. Frericks

---

[1] Frericks' Financial Declaration indicates a checking account balance of $835.00.

has not demonstrated what practical effect this error caused. This court will not reverse a judgment on the basis of harmless error. *Stevenson v. Emerson Elec. Corp.*, 286 S. C. 331, 333 S. E. (2d) 355 (Ct. App. 1985). Frericks claims the judge erred in finding he and his wife own late model automobiles, claiming instead that they own 1980 and 1983 cars with very low values which do not constitute substantial assets. We find this argument manifestly without merit and dismiss it under provisions of Section 14-8-250, Code of Laws of South Carolina, 1976. Finally, he argues the judge failed to consider Walker's furniture and household supplies as an asset in determining the amount of alimony. We also reject this argument as manifestly without merit.

The judge's discretion in setting alimony, when exercised in light of the facts of each particular case, will not be disturbed on appeal absent abuse thereof. *McKnight v. McKnight*, 283 S. C. 540, 324 S. E. (2d) 91 (Ct. App. 1984). We find the trial judge committed no abuse in his determination of the parties' assets in setting the amount of periodic alimony.

### B.

Finally, Frericks claims his unemployment was a factor not specifically addressed in the judge's order. He claims the order identified his job status as retired, when he was in fact terminated. He also claims that further employment at his age to support an alimony payment is impossible.

The order recited that Frericks was retired, and that he testified he was currently working for a relatively short period of time. Frericks testified at the 1982 hearing that "I turned in my retirement back in October of the past year." The only "termination" testimony in the record is his statement at the 1985 hearing that his part-time contract was terminated in November of 1984. He also testified, however, that at the present time he was working for his former employer approximately twenty hours per week, again on the part-time consultant basis. Frericks argues that at his age and with his unemployment status he will have extreme difficulty in obtaining new employment. The order merely noted that he was currently in part-time, consultant-type employment. It did not require Frericks to

resume employment. We have previously reviewed the court's findings of Frericks' assets and found sufficient evidence of these assets in the record to support the reduced alimony payment. This argument is without merit.

### III.

Finally, Frericks argues the judge awarded $2,000.00 attorney fees to Walker without setting forth facts to support the award. We disagree.

Ordinarily, the award of attorney fees lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (Ct. App. 1984). To support an award of attorney fees the court must make certain findings of fact as set out in *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983).

The court found Walker's counsel had submitted an affidavit that he expended nineteen hours at the rate of $85.00 per hour, not including attendance at this hearing, which took three hours, and additional time to implement the judge's instructions. The judge stated he awarded the fees based upon counsel's preparation, successful results, and professional standing in the community, along with Walker's need for attorney fees. Based on these findings and the evidence in the record, we find no abuse of discretion has been demonstrated.

Based on the reasons stated above, we affirm all aspects of the judgment with the exception of the monthly $40.00 installment payment on the alimony arrearage and the requirement Frericks pay the guardian ad litem fee. The order of the trial court is modified to require Frericks to pay the sum of $125.00 per month on the alimony arrearage. It is also modified to require Walker to pay the guardian ad litem fee.

Affirmed as modified.

SHAW and GOOLSBY, JJ., concur.