1145

Rose WALKER, Appellant v. James WALKER, Respondent.

(368 S. E. (2d) 89)

Court of Appeals

*Johnny Simpson, Janne Berry Osborne* and *Keith O. Brown,* all of *Palmetto Legal Services, Inc.,* Orangeburg, *for appellant.*

*Karen J. Williams* and *C. Bradley Hutto,* both of *Williams & Williams,* Orangeburg, *for respondent.*

Heard March 21, 1988.

Decided April 25, 1988.

SHAW, Judge:

This is an appeal by appellant wife, Rosa Walker, from a family court judge's order denying her any interest in Respondent James Walker's military retirement pension. We affirm.

Mr. Walker joined the U. S. Navy in 1954. He and Mrs. Walker were married in 1963. She continued to live in Orangeburg, South Carolina, with her parents while Mr. Walker was stationed in various domestic and foreign locations. However, during a Charleston, South Carolina, assignment, Mr. Walker spent weekends at Mrs. Walker's parents' home. The parties separated in 1975. He sent $100 per month to Mrs. Walker while serving in the Navy but paid nothing after the separation.

Mr. Walker retired from the Navy in 1974 and began receiving his military pension. He receives $658.00 per month.

Mrs. Walker worked throughout the marriage performing

menial jobs. However, she had not worked for five years prior to the hearing except for family assistance.

In 1986, Mrs. Walker filed a petition seeking a share of the military pension claiming it was marital property.

The trial judge concluded that Mrs. Walker made no contribution toward the accumulation of the pension fund and held

> Because the parties never shared a marital home and had no children during the time that [Husband] was on active military service, I find that [Wife] made no direct or indirect contributions toward the acquisition of the marital property, which in this case is the [Husband's] military pension. I further find that during the course of his military service [Husband] did support [Wife] by sending money to her from his military paychecks.

The apportionment of marital property is left to the sound discretion of the family court judge. *Bungener v. Bungener*, 291 S. C. 247, 353 S. E. (2d) 147 (Ct. App. 1987). Equitable distribution is based on a recognition that marriage is, among other things, an economic partnership. Upon dissolution of the marriage, property accumulated during the marriage should be divided and distributed in a manner which fairly reflects each spouse's contribution to its acquisition, regardless of which spouse holds legal title. *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). *Bannen v. Bannen*, 286 S. C. 24, 331 S. E. (2d) 379 (Ct. App. 1985).

Regardless of whether or not the military pension is marital property for equitable distribution, we agree with the trial judge that Mrs. Walker made no contribution to the fund.

Mrs. Walker also contends the trial judge failed to specifically address each of the factors of Section 20-7-472, South Carolina Code of Laws (1987 Supp.) in considering the award. In this case it was not necessary to address all of the factors since the only one to be considered was the contribution to the military pension of each party. This court will affirm if it can be determined that the judge addressed the factors with sufficiency for us to conclude he was cognizant of the required factors for the particular case. *West v. West,*

294 S. C. 190, 363 S. E. (2d) 402 (Ct. App. 1987).

The next issue is whether the trial judge erred in determining that military pensions were definitely marital property under the South Carolina Equitable Apportionment of Marital Property Act. The language of the act defines marital property as "all real and personal property which is owned as of the date of filing or commencement of marital litigation as provided in Section 20-7-473 regardless of how legal title is held...."

Because we have determined that Mrs. Walker made no contribution to the accumulation of the military pension, it is not necessary we reach this issue.

Affirmed.

CURETON, J., concurs.

GOOLSBY, J., concurs in separate opinion.

GOOLSBY, Judge (concurring):

I concur in the court's opinion. Lest we be misunderstood and our opinion be viewed to hold that a spouse must show that he or she contributed to the acquisition of particular property before being entitled to an equitable interest therein, the marital estate in the instant case consisted, as the trial court found, only of the husband's military pension. *See Wilson v. Wilson*, 270 S. C. 216, 241 S. E. (2d) 566 (1978); *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). The wife made no contribution to the acquisition of the marital property, such as it was; therefore, she was not entitled to a distributive share thereof, even were we to assume that a military pension may now be considered marital property in South Carolina. *See* S. C. Code of Laws § 20-7-473 (1976) (Supp. 1987); *Watson v. Watson*, 291 S. C. 13, 351 S. E. (2d) 883, n. 2 (Ct. App. 1986).