PER CURIAM.
In June 1989 the appellant [wife] petitioned for dissolution. After many motions and orders not relevant here a default judgment of dissolution was entered on July 1, 1991. The appellee [husband] brought that final order to us and we reversed the final judgment of dissolution in all respects and remanded for trial of all issues except the issue of whether there had been a valid marriage of the parties. Regante v. Belsky, 600 So.2d 13 (Fla. 2d DCA1992) [Regante I ]. On remand it became an issue whether the final judgment dissolving the marriage survived the decision of this court in Regante I. The trial court entered a partial summary judgment finding that the previous default judgment of dissolution did remain viable after the first appeal and, accordingly, that the parties had not been married since July 1,1991. This had the effect of cutting off the wife’s ability to enforce temporary support *1164 arrearages which had accrued. The wife now appeals that partial summary judgment.
We reverse because the trial court has misperceived the effect of our opinion and mandate in Regante I. We intended in our first opinion to vacate the default judgment of dissolution and for the parties to return to the posture of the case previous to the final default judgment of dissolution entered July 1, 1991. Smith v. Smith, 118 So.2d 204 (Fla.1960), and Bock v. Bock, 311 So.2d 684 (Fla. 2d DCA 1975). That is to say that all issues except one remained for disposition. These pending issues included but were not limited to whether the marriage between the parties was irretrievably broken, enforcement of temporary support arrearages, and temporary and permanent spousal and child support issues. The husband admitted that he is the father of the children involved but he contested, inter alia, in Regante I whether the parties were ever validly married. The validity of the parties’ marriage is the only issue that was finalized in Regante I contrary to the husband’s position. On remand the trial court shall proceed to adjudicate all other issues.
Reversed for further proceedings.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.