THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
John J. Sweeney, Appellant,
v.
Doris M. Sweeney, Respondent.
 
 
 

Appeal From Greenville County
 Stephen S. Bartlett, Family Court Judge

Unpublished Opinion No.
2006-UP-166 
Submitted February 1, 2006  Filed March 20, 2006 

AFFIRMED

 
 
 
Catherine E. Fairey and O. Doyle Martin, of Greenville, for Appellant.
Robert M. Rosenfeld, of Greenville, for Respondent.
 
 
 

PER CURIAM:  John Sweeney (Husband) appeals the family courts order, arguing the family court abused its discretion by failing to terminate his alimony obligation to Doris Sweeney (Wife) and in requiring him to take a $200 monthly credit toward his overpayment of alimony.  We affirm.[1]  
FACTS
Husband and Wife were divorced in 1976.  The parties entered into a separation agreement, incorporated into the divorce order, which provided that Husband pay permanent, periodic alimony in the amount of $1000 per month and provide heath insurance for Wife.  
In 1982, Wife petitioned for an increase in alimony, and the court ordered Husband to pay $1400 per month and continue to provide Wife with health insurance.  In 1996, Wife again petitioned for an increase in alimony.  At that time, Husband lived in a house valued at $700,000 and had assets worth $523,081.  The family court found in favor of Wife and increased her alimony to $1700 per month.  The family court also provided that when Wife became eligible for Medicare, she was to obtain coverage and Husband would reimburse her for the cost of her Medicare insurance premium and supplement instead of providing private health insurance coverage.  After Wife obtained health insurance through Medicare, the amount Husband was required to pay to continue Wifes health coverage was reduced from $542 to $197.60.  
On February 21, 2003, Husband filed the current action, seeking a termination or reduction of his alimony obligation to Wife.  After a hearing on September 7, 2004, the family court issued an order finding there had been a substantial change in circumstances warranting a reduction in alimony.  The family court reduced Husbands alimony obligation to $1000 per month effective to the date of filing.  
Thereafter, Wife filed a Rule 59(e), SCRCP motion requesting a ruling from the court regarding whether Husband had a continuing obligation to pay for her Medicare supplement and to specify the mechanics of how Husband was to receive credit for the overpayment of alimony.  The family court ordered Husband to continue to pay for the Medicare supplement as previously ordered and provided that Husband is entitled to a monthly $200 credit toward his alimony payment until the total overpayment resulting from the retroactivity provision of the final order is paid in full.  Husband appeals.
LAW/ANALYSIS
Husband argues the family court erred in failing to terminate his alimony obligation to Wife.  Husband contends his alimony obligation requires him to liquidate his retirement savings, which constitutes an impermissible continuing division of assets.  We disagree.  
In appeals from family courts, we have jurisdiction to find the facts in accordance with our own view of the preponderance of the evidence.  Bannen v. Bannen, 286 S.C. 24, 26, 331 S.E.2d 379, 380 (Ct. App. 1985) (citations omitted).  Questions regarding alimony rest with the sound discretion of the trial judge, whose conclusion will not be disturbed absent a showing of abuse of discretion.  Id.
We note that the family court reduced Husbands alimony obligation by $700 per month based on changed circumstances, and Wife has not challenged this ruling.  Therefore, we are left to consider whether the family court abused its discretion in failing to terminate alimony.  We conclude that the evidence does not justify a complete termination of all alimony support.    
At the time of the hearing, Wife was 70 years old and suffering from various medical conditions, including diabetes and macular degeneration.  After the divorce, Wife worked and accumulated retirement assets totaling $265,067.  Although Wife was not withdrawing funds from her IRA at the time of the hearing, she testified that she would be required to begin withdrawing funds when she reached the age of 70 ½ in a few months.  Wife lived in a condominium she purchased for $89,900.  Her monthly income, including alimony, was $2,702, and she estimated her monthly expenses at $2,704.  
Husband voluntarily retired from employment in 1985, at the age of 54.    He remarried shortly after his divorce from Wife, and in 1990, he set up a trust which owns all of the assets of his current marriage, including the $250,000 marital home, which is completely controlled by his current wife.  At the hearing, Husband testified his only income is a pension and social security totaling $1481 per month, and his only asset is an IRA totaling $277,526.52.  He asserted that he had to deplete the principal of his retirement assets in order to support himself and pay alimony, and that the  principal balance of his IRA account was reduced from $523,087 in 1997 to $277,526.52 in 2005.  Husband also testified that he cares for his adult daughter, who suffers from severe mental problems and is unable to work, and receives $522 per month in social security benefits.  
The family court noted that both parties had reached a point in their lives when their ability to earn income had nearly vanished and their expenses had increased due to medical bills, and, after the reduction in alimony, the parties had nearly equal income.  The evidence demonstrates that Wife is in need of financial support from Husband in order to meet her expenses.  Because the purpose of alimony is to place the supported spouse, as nearly as is practical, in the position of support she enjoyed during the marriage, we find the family court did not err in declining to terminate alimony.  Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988).  
Moreover, we find Husbands argument that the liquidation of his retirement assets constitutes an impermissible continuing division of assets to be without merit.  Husband has an income of $2,300 per month, including social security for his daughter.  Although Husband may be required to liquidate his retirement savings in order to support himself and maintain his lifestyle, the purpose of the IRA is to support Husband in his retirement and the family courts order does not require him to turn over assets to Wife.  The family courts order deals solely with Husbands alimony obligation and does not constitute a division of marital assets.
Husband next argues the family court erred in requiring him to take a monthly $200 credit toward his alimony obligation until the $19,627.20 overpayments are paid in full.  We disagree.
Husband relies on our decision in Walker v. Frericks, 292 S.C. 87, 354 S.E.2d 915 (Ct. App. 1987), to support his position that the family court erred in ordering the $200 monthly offset.  In Walker, Walker (wife) brought an action against Frericks (husband) to collect an alimony arrearage in the amount of $10,660, and the family court ordered Frericks to pay the arrearage in $40 monthly installments.  Id. at 92, 354 S.E.2d at 919.  Based on Frericks income and assets, we held that the family court abused its discretion, and we increased the payment on the arrearage to $125 per month.  Id. at 93, 354 S.E.2d at 919.  
Walker is clearly distinguishable from the case at bar.  In Walker, Frericks, the payor spouse, had substantial means to repay Walker at a higher rate, and the debt resulted from an arrearage.  Here, Wife is reimbursing Husband for an overpayment of alimony resulting from the courts order decreasing Husbands monthly alimony obligation.  The $200 offset is equitable considering Wifes financial situation.  The family court decreased Wifes alimony from $1,700 to $1000 per month, and Wife will only receive $800 per month until Husband recoups the cost of the overpayment, resulting in a 50% decrease in Wifes alimony income.  Moreover, there is nothing in the record to indicate Wife was at fault for the two-year delay between the date Husband filed the action and the date the written order was issued.  Accordingly, the order of the family court is 
AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215,
SCACR.