**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Mary Margaret Ruff, Respondent,

v.

Samuel Nunez, Jr., Appellant.

Appellate Case No. 2014-001245

———————

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

———————

Unpublished Opinion No. 2015-UP-279
Submitted March 1, 2015 – Filed June 10, 2015

———————

**AFFIRMED**

———————

Samuel Nunez, Jr., of Downingtown, PA, pro se.

Dianne S. Riley, of Greenville, for Respondent.

———————

**PER CURIAM:** Samuel Nunez, Jr. appeals an order of the family court granting Mary Ruff restitution for transportation costs associated with visitation of their minor child. Nunez argues the family court erred in (1) ordering him to reimburse Ruff for one-half of the visitation transportation costs, plus post-judgment interest, that she paid between March 18, 2011, and February 19, 2014; and (2) not ordering Ruff to reimburse him for visitation transportation costs that he incurred between

July 25, 2006, and March 18, 2011.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in granting Ruff's motion for restitution: *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) (stating appellate courts review appeals from the family court de novo); *Cudd v. Arline*, 277 S.C. 236, 239, 285 S.E.2d 881, 883 (1981) (holding an appellate court will not reverse a family court order concerning visitation transportation expenses absent a clear abuse of discretion[1]); *Brown v. Brown*, 286 S.C. 56, 57, 331 S.E.2d 793, 793-94 (Ct. App. 1985) ("Generally, reversal of a judgment on appeal has the effect of vacating the judgment and leaving the case standing as if no such judgment had been rendered.  Consequently, a party who receives payment under a judgment subsequently reversed must restore whatever advantage he obtained thereby to his adversary." (internal citation omitted)); *Christy v. Christy*, 317 S.C. 145, 151, 452 S.E.2d 1, 4 (Ct. App. 1994) ("Once the remittitur is sent down from the appellate court, the [family] court acquires jurisdiction to enforce the judgment and take any action consistent with the appellate court ruling."); *Martin v. Paradise Cove Marina, Inc.*, 348 S.C. 379, 385, 559 S.E.2d 348, 351-52 (Ct. App. 2001) (stating that when an appellate court remits a case without expressly remanding it, the lower court acquires jurisdiction to enforce the appellate court's judgment and take any action consistent with the appellate court's ruling, including hearing the appellant's motion for restitution); *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 123, 678 S.E.2d 430, 434 (2009) ("A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another.  Unjust enrichment is an equitable doctrine which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff."); *Inglese v. Beal*, 403 S.C. 290, 297, 742 S.E.2d 687, 691 (Ct. App. 2013) (stating that to recover restitution for unjust enrichment, a plaintiff must show (1) she gave the defendant a non-gratuitous benefit; (2) the defendant

---

[1] *See generally Lewis v. Lewis*, 392 S.C. 381, 391, 709 S.E.2d 650, 655 (2011) (stating "the inartful use of an abuse of discretion deferential standard of review merely represents the appellate courts' effort to incorporate the two sound principles underlying the proper review of an equity case," those two principles being "the superior position of the [family court] to determine credibility and the imposition of a burden on an appellant to satisfy the appellate court that the preponderance of the evidence is against the finding of the [family] court").

realized value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value).

2.  As to whether the family court erred in not ordering Ruff to reimburse Nunez: *Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) (specifying an issue must be raised to *and ruled upon* by the family court to be preserved for appellate review); *Hickman v. Hickman*, 301 S.C. 455, 457, 392 S.E.2d 481, 482 (Ct. App. 1990) (stating "an issue raised in but not ruled upon by the [family] court and not presented to the [family] court in a motion to amend the judgment is not preserved for appellate review").

**AFFIRMED.**[2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[2] Nunez also filed a motion to waive oral argument, and Ruff filed a return opposing Nunez's motion and requesting oral argument.  We decide this case without oral argument pursuant to Rule 215, SCACR.