**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Marilyn Hill, Appellant,

v.

Luther Hill, Respondent.

Appellate Case No. 2021-000113

---

Appeal From Greenville County
Timothy E. Madden, Family Court Judge

---

Unpublished Opinion No. 2023-UP-099
Submitted January 1, 2023 – Filed March 15, 2023

---

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

---

Margaret A. Chamberlain, of Chamberlain Law Firm, LLC, and Scarlet Bell Moore, both of Greenville, for Appellant.

Luther Hill, pro se.

---

**PER CURIAM:** This is an appeal of a divorce decree. Marilyn Hill (Wife) appeals the family court's decision to grant Luther Hill (Husband) $25,000 from her retirement account and to require her to pay Husband monthly alimony for up to ten years. We affirm in part, reverse in part, and remand.

1. We hold the family court acted within its discretion in awarding Husband $25,000 from Wife's retirement account. *See Crossland v. Crossland*, 408 S.C. 443, 455, 759 S.E.2d 419, 425 (2014) ("The division of marital property is within the discretion of the family court and will not be disturbed on appeal absent an abuse of discretion."). We find the award of $25,000, which exceeded Wife's offer to pay Husband $10,000 from her retirement account, was supported by the evidence. It was undisputed that the parties lived together more than twenty-five years before their separation. Wife acknowledged that when Husband was gainfully employed, he earned only about half as much as she did. Wife also did not challenge the family court's finding that the parties used Husband's retirement savings for marital expenses before they separated, and this finding was supported by Husband's testimony. Furthermore, although it appears Wife made significant financial contributions to the marriage, such as payment of the bankruptcy expenses incurred by the parties and the costs of their children's higher education, her financial declaration showed she still had assets of significant value, including $60,000 in her retirement account, $10,000 in savings, and $30,000 in equity in the home she purchased after the parties' separation. In contrast, there was evidence in the record that supported the family court's finding that Husband had no savings and no retirement benefits except for social security. Looking at the overall fairness of the apportionment, we hold the requirement that Wife pay Husband $25,000 was fair. *See Crossland*, 408 S.C. at 456, 759 S.E.2d at 425-26 ("In reviewing a division of marital property, an appellate court looks to the overall fairness of the apportionment.").

2. We hold Wife carried her burden to show the preponderance of the evidence regarding Husband's right to alimony was against the findings of the family court. *See Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) (stating that despite the de novo standard of review in family court matters, the appellant still has to burden to show the preponderance of the evidence is against the findings of the family court). It was undisputed that Husband failed to respond to Wife's request to admit he was able bodied and had no need of support from her. By failing to respond, Husband admitted these allegations, and his admissions were conclusively established. *See* Rule 36(a), SCRCP (stating a matter included in a request for admissions "is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney"); Rule 36(b) (stating any matter admitted under Rule 36 "is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission" (emphasis added)). Although the

appealed order included findings that could arguably support an award of "other spousal support" under section 20-3-130(B)(6) of the South Carolina Code (2014), all these findings suggested Husband was not able bodied and needed support from Wife; thus, they contradicted matters that were conclusively established through Husband's admissions pursuant to Rule 36.  Furthermore, because the alimony award reflected an error of law, our reversal of the award is retroactive to the entry of the divorce decree.  *See Brown v. Brown*, 286 S.C. 56, 57, 331 S.E.2d 793, 793-94 (Ct. App. 1985) ("Generally, reversal of a judgment on appeal has the effect of vacating the judgment and leaving the case standing as if no such judgment had been rendered.").  Accordingly, we remand this matter to the family court to determine Wife's compensation for any alimony installments she has already paid to Husband pursuant to the divorce decree.  *See id.* at 57, 331 S.E.2d at 794 ("Consequently, a party who receives payment under a judgment subsequently reversed must restore whatever advantage he obtained thereby to his adversary.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**GEATHERS and MCDONALD, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.