1436

Catherine L. BECKHAM, Respondent v. S. J. DURANT, Appellant.

(387 S. E. (2d) 701)

Court of Appeals

*Andrenee Glover Freeman,* Columbia, *for appellant.*

*Ronald A. Barrett,* of *Lourie, Curlee, Barrett & Popowski,* Columbia, *for respondent.*

. Heard Nov. 13, 1989.

.   Decided Dec. 18, 1989.

SHAW, Judge:

Respondent, Catherine L. Beckham, sued appellant, S. J. Durant, alleging libel and slander. Following various motions and hearings, the trial court entered a default judgment against Dr. Durant and awarded $2,500 in damages to Ms. Beckham. Dr. Durant appeals. We affirm.

This appeal encompasses a complicated procedural history. Ms. Beckham, a school teacher, filed a summons and complaint on August 12, 1987, alleging she was libeled and slandered by Dr. Durant, the parent of one of Ms. Beckham's students. According to the testimony of a process server, the pleadings were served on Dr. Durant on October 19, 1987. On November 20, 1987, Ms. Beckham filed proof of service, an affidavit of default, and a motion for default judgment. On December 15, 1987, Dr. Durant appeared at the default hearing before Judge Jonathan Z. McKown and challenged the sufficiency of service. On January 18, 1988, Judge McKown issued his order finding service effective and directed a hearing to be set on Ms. Beckham's motion for default judgment. A hearing was scheduled on this motion for February 1, 1988.

On January 28, 1988, Dr. Durant filed a motion for continuance and enlargement of time to answer. On February 1, 1988, Judge Owens T. Cobb heard both this motion and the motion for default judgment. On February 8, 1988, Judge Cobb issued his order denying Dr. Durant's motion and held Ms. Beckham was entitled to entry of default. Specifically, Judge Cobb found Dr. Durant failed to show good cause entitling her to an enlargement of time to answer under Rule 6 S.C.R.C.P. or good cause entitling her to set aside entry of default under Rule 55(c) S.C.R.C.P.[1] Judge Cobb further ordered a hearing on the issue of damages.

On February 2, 1988, Dr. Durant filed a motion to ■ amend the order of Judge McKown. On February 17, 1988, she filed a motion to set aside the default judgment[2] and for enlargement of time to answer. On May 25, 1988, Judge Thomas L. Hughston heard these motions and took testimony on the issue of damages. On June 6, 1988, Judge Hughston issued his order denying Dr. Durant's motions and awarded Ms. Beckham $2,500 plus costs.

Dr. Durant appeals from each of the three judges' ■ orders.[3] She first takes issue with the finding of sufficiency of service of process in Judge McKown's order. She argues the evidence presented on this issue shows this was not a case where the defendant knew service was being attempted and wilfully refused to accept. She points to specific testimony of the process server in support of her position, however, no such evidence is contained in the record

---

[1] There is no evidence Dr. Durant made a Rule 55(c) motion at this stage of the proceedings, nor is it likely she did given that there was no entry of default until the issuance of Judge Cobb's order. Nevertheless, Judge Cobb found Dr. Durant failed to show good cause sufficient to set aside entry of default under Rule 55(c).

[2] A reading of the record shows the parties and the court confused the terms "entry of default" and "entry of default judgment." In reality, Judge Cobb's order granted Mrs. Beckham an entry of default. The entry of default is an official recognition of the failure to appear or otherwise respond, but is not a judgment by default. Judgment by default is not properly entered until damages are determined. *See Ricks v. Weinrauch,* 293 S. C. 372, 360 S. E. (2d) 535 (Ct. App. 1987) citing H. Lightsey, J. Flanagan, *South Carolina Civil Procedure,* 77 (2nd Ed. 1985).

[3] Although the issue of the proper time for appeal under Rule 72 S.C.R.C.P. was initially argued in respondent's brief, this argument was withdrawn at oral argument and is therefore not addressed by this court.

before us. In fact, the record contains no transcript of the hearing before Judge McKown.[4] Contrary to Dr. Durant's assertions, Judge McKown's order notes evidence showing Dr. Durant knew service was being attempted and purposely avoided and refused to accept the same. Accordingly, the finding of sufficiency of service of process must be affirmed.

Dr. Durant next takes issue with the order of Judge Cobb. First, she contends Rule 5(d) S.C.R.C.P. requires proof of service to be filed within ten days after service of the summons and complaint and failure to file such proof of service deprives a defendant of notice that service of process has been alleged. Although it is unclear from Judge Cobb's order as to whether Rule 5(d) was even raised before him, it appears from Dr. Durant's argument she relies on this rule as showing good cause entitling her to an enlargement of time to answer or as a basis for denying Ms. Beckham's motion for entry of default. We disagree.

Rule 5(d) S.C.R.C.P. provides, in part, "Proof of service shall be filed within ten (10) days after service of the summons and complaint." However, it goes on to state, "Rule 5(d) encompasses present Circuit Rule 68 and former Rule 75, as well as Code § 15-9-1000. It is a more concise statement and *provides more specific sanctions in the court's discretion.*" (Emphasis added.) Nowhere does the rule provide failure to file proof of service within the ten day period nullifies the service or extends the period of time for a defendant to answer. Rule 5(d) only provides for dismissal of an action for failure to serve the summons and complaint. Rule 4(g) S.C.R.C.P. specifically states, "Failure to make proof of service does not affect the validity of the service." Thus, failure to make proof of service within a ten day period of service, likewise, would not affect the validity of service. While Judge Cobb may have considered this argument as an attempt to show good cause for allowing Dr. Durant an enlargement of time to answer, such is within the discretion of the trial judge. *See* Rule 6(b) S.C.R.C.P. We find no abuse of that discretion. Further, while this court expresses no opinion as to whether a Rule 55(c) motion to set

---

[4] Dr. Durant failed to appeal the order settling the record ruling against the inclusion of this transcript.

aside entry of default was properly before Judge Cobb, we find no abuse in his finding that Dr. Durant failed to make a showing of good cause. [*See Ammons v. Hood*, 228 S. C. 278, 341 S. E. (2d) 816 (Ct. App. 1986). Relief from default is solely within the sound discretion of the trial judge. This court cannot substitute its judgment for that of the trial judge absent a clear showing of abuse of discretion.]

Dr. Durant also contends Judge Cobb erred in failing ■ to find her entitled to file her responsive pleading within fifteen days after the court's action in ruling on the sufficiency of service of process. She contends at the December 15, 1987 hearing challenging sufficiency of process, she presented a motion pursuant to Rule 12(b)(5) S.C.R.C.P. and under Rule 12(a)(1) S.C.R.C.P., she was entitled to fifteen days after notice of the court's action on the matter to answer. We disagree.

Rule 12(a) provides in part:

> A defendant shall serve his answer within 30 days after the service of the complaint upon him, unless the Court directs otherwise when service of process is made pursuant to Rule 4(e). . . . The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the Court: (1) if the Court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 15 days after notice of the Court's action . . .

However, Rule 12(b) goes on to state:

> Every defense, in law or fact, to a cause of action in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (5) insufficiency of service of process . . . A motion making any of these defenses *shall be made before pleading* if a further pleading is permitted. (Emphasis added.)

Thus, under Rule 12(a) and (b), such a defense as insufficiency of process must be made either by responsive pleading or motion within the time period allowed for responding.

Had Dr. Durant made such a motion prior to expiration of the thirty day answering period, she would have had fifteen days from the date of notice of the court's ruling on the matter within which to respond.

Finally, Dr. Durant contends Judge Hughston erred in awarding damages in excess of that supported by the record. We disagree. Judge Hughston's award included damages for counseling bills, medication and mental suffering. Under the facts of this case, we find ample evidence in the record to support the $2,500 award.

All other issues raised by Dr. Durant are manifestly without merit and therefore affirmed. S. C. Code Ann. § 14-8-250 (Supp. 1988).

Affirmed.

BELL and CURETON, JJ., concur.

