1825

Tandy T. SMITH, Respondent-Appellant v. Philip P. SMITH,
Appellant-Respondent.

(419 S.E. (2d) 232)

Court of Appeals

*Otto W. Ferrene, Jr.*, of *Ferrene & Keep*, Hilton Head Island, *for appellant-respondent.*

*H. Kay Morton* and *William M. Bowen*, of *Bowen & Smoot*, Hilton Head Island, *for respondent-appellant.*

Heard March 9, 1992; Decided May 26, 1992.

Reh. Den. Aug. 4, 1992.

SHAW, Judge:

Husband, Philip P. Smith, and wife, Tandy T. Smith, were divorced by order of the family court on April 26, 1988. The wife appealed and this court reversed the award of rehabilitative alimony of $1,200 per month for twenty-four months and awarded the wife $2,000 per month permanent periodic alimony. The denial of attorney's fees was also reversed and remanded for a determination of the amount of attorney's fees the wife should be awarded.

Prior to the remand hearing, the wife made a motion that the $2,000 monthly alimony award be retroactive to the date of the divorce decree and that interest be awarded on the difference. The remand hearing was held on November 28, 1989 and, prior to the issuance of an order, the husband filed a post-trial motion to take out-of-state depositions for use at a Rule 60(b), SCRCP hearing which the trial judge granted. He later filed a motion for relief under Rule 60(b). Following a March 12, 1990 hearing, the trial judge issued his order dated May 5, 1990 granting attorney's fees to the wife, denying wife's motion for a retroactive alimony, and denying the husband relief under Rule 60(b). Both parties appeal. We affirm as modified.

By affidavit, the husband's attorney represented to the court that the parties had a change of circumstances warranting termination or modification of alimony to prevent inequitable prospective application. He stated, upon information and belief, the wife had remarried or held herself out to be married prior to the opinion rendered in the initial appeal and that the wife was involved in an adulterous relationship prior to the divorce, thereby warranting a termination of alimony

and a rebate of alimony payments. The husband further sought attorney's fees and cost for the necessity of bringing this proceeding.

A hearing was held on January 24, 1990 on the husband's motion to take out-of-state depositions. The husband's attorney stated he needed the depositions to support the merits of a Rule 60(b) motion. He represented to the court that they had only recently received information that the wife was seeing a Dr. Arthur at the time of the divorce and prior to the November 28 remand hearing, Dr. Arthur and the wife moved to St. Louis, Missouri, bought a house together, were living together and holding themselves out as being married. The trial judge granted the husband's motion to take out-of-state depositions of the wife, her parents, Dr. John Pickney Arthur, and private investigators. He found the depositions could reveal information affecting the court's ruling on the remand issues as well as the final divorce hearing. He further reserved the right to award attorney's fees and costs to either party, but stated such fees and costs would be awarded to the wife if the depositions were fruitless.

At the March 12, 1990 hearing on the Rule 60(b) motion, the husband presented evidence consisting of the testimony of a Mr. and Mrs. Churchill, the testimony of a Beaufort County Sheriff's detective, the testimony, affidavit and deposition of the wife, the affidavit and deposition of Dr. Arthur and the deposition of a private investigator. After consideration of the evidence, the trial judge issued his order on May 5, 1990. He held the wife was not entitled to retroactive alimony stating she should have requested it in her initial appeal and that, if this court had deemed retroactive alimony proper under the circumstances, it would have awarded it. He further held, as a result of the remand hearing, the wife was entitled to $3,500 in attorney's fees for the preparation and trial of the matter and $750 for the appeal and that she was entitled to $2,609.30 in attorney's fees for defense of the Rule 60(b) motion. He also denied the husband's Rule 60(b) motion finding it untimely in that it was not made within one year from the date of the final divorce order of April 26, 1988.

The husband argues on appeal that the trial judge erred in denying his Rule 60(b) motion, in failing to terminate alimony, in awarding the wife attorney's fees for defense of the Rule

60(b) motion, and in awarding the amount of attorney's fees and costs for the initial trial. We disagree.

The husband first contends the trial judge erred in denying his motion under Rule 60(b), SCRCP. However, the trial judge found the rule specifically provides that such motion cannot be entertained unless made within one year after the judgment order was entered and since the final divorce order was dated April 26, 1988, the motion was untimely. The husband did not except to the trial judge's finding that the one year limitation applied and, thus, it is the law of the case. Further, we agree with the trial judge that the proper procedure for modification of alimony is a petition for the same based on a change in circumstances pursuant to S.C. Code Ann. § 20-3-170 (1985). Since the family court has the power to make such changes in the amount of alimony, including retroactive termination of accrued alimony as altered circumstances show to be equitable,[1] we fail to see how a Rule 60(b) motion to modify or terminate alimony affords the husband any greater relief than that available through the well-accepted avenue of a petition for modification pursuant to § 20-3-170. Given the facts of this case, we find the husband should seek relief through a petition for modification based on a change of circumstances and, therefore, affirm the denial of relief under Rule 60(b) motion.

In light of our affirmance of the denial of the 60(b) motion, we need not address the husband's issues on termination of alimony and the award of attorney's fees to the wife for defense of the 60(b) motion since those arguments depend on the success of the 60(b) motion. As to the award of fees and costs for the initial trial, we find no abuse of discretion and, therefore, affirm. *See Stevenson v. Stevenson*, 295 S.C. 412, 368 S.E. (2d) 901 (1988) (the award of attorney's fees is within the sound discretion of the family court and will not be disturbed absent abuse of that discretion).

The wife also raises several issues on appeal including the denial of retroactive alimony, the amount of attorney's fees and costs awarded, the allowance of the out-of-state discovery, and the findings of certain facts and law contained in the May 5, 1990 order.

---

[1] *See Alliegro v. Alliegro*, 287 S.C. 154, 337 S.E. (2d) 252 (Ct. App. 1985).

The wife first appeals the denial of retroactive alimony ■ from the date of the original trial court order to the date this court reversed the award of $1,200 monthly rehabilitative alimony awarding $2,000 monthly permanent periodic alimony. She argues she is entitled to retroactive alimony as a matter of law. We disagree.

The wife cites two cases involving the reversal of a family court order which had granted a reduction or termination of alimony payments. Those cases differed from the case at hand in that, there, the supported spouse suffered a loss of alimony occasioned by the supporting spouse's action for reduction or termination of previously awarded alimony. Here, the wife was able to increase her alimony from the original award by her appeal from the divorce decree. Further, in *Brown v. Brown*, 286 S.C. 56, 331 S.E. (2d) 793 (Ct. App. 1985) (*Brown II*), on which the wife relies, this court noted specifically that in *Brown v. Brown*, 278 S.C. 43, 292 S.E. (2d) 297 (1982) (*Brown I*), the Supreme Court reversed the modification of alimony, *expressly leaving in effect the divorce decree* directing the husband to pay monthly alimony of $650.00. We further recognized that a party who receives payment under a judgment subsequently reversed should restore whatever advantage he obtained thereby to his adversary. Specifically, we found "when a judgment reducing support payments is reversed on appeal, the parties are placed in the same position as if no reduction had been ordered and the supporting spouse is liable for arrearages from the date of the reduction to the date of reversal." Because the case at hand does not involve the reversal on appeal of a reduction or termination of support payments, we find the wife is not entitled to retroactive alimony as a matter of law based on *Brown II*.[2]

The wife next alleges error in the amount of attorney's ■■ fees. Specifically, she argues the award of only $3,500 upon remand was inadequate in light of her total fees and costs. It is well settled that an award of attorney's fees is within the sound discretion of the trial judge and will not be disturbed absent an abuse of that discretion. Admittedly, the record before us suffers from some deficiencies in that a por-

---

[2] Because the wife neither excepted to nor argued against the trial judge's basis for denying retroactive alimony, that issue is not before us on appeal.

tion of the record containing evidence on the issue of attorney's fees was lost. However, there is some evidence in the record supporting the findings of the trial judge and therefore we find no abuse of discretion. As to the award of $2,609.30 for defense of the Rule 60(b) motion, the wife argues this amount is inadequate as the court previously ruled attorney's fees and costs would be awarded to the wife if the out-of-state depositions proved fruitless. However, the depositions were not necessarily fruitless as the trial judge specifically noted they could reveal information on the other issues before the court and the court did rule in the husband's favor on the issue of retroactive alimony. Inasmuch as the wife is also appealing the trial judge's order, and in consideration of our decision today, we find the argument that she is entitled to attorney's fees in excess of $750 for the instant appeal to be meritless.

The wife next contends the trial judge committed error in allowing the out-of-state depositions arguing the issue of the appropriate amount of alimony was not before the court. We disagree. While this court set the amount of alimony at $2,000 monthly, the trial judge had before him the issues of attorney's fees, retroactive alimony and the 60(b) motion. The trial judge noted these depositions could have a bearing on the matter before him. The depositions clearly show a relationship exists between the wife and Dr. Arthur that may very well have had an effect on the propriety of an award of retroactive alimony.[3] We find the wife's motion for retroactive alimony opened the door as to the equity of such an award and although the trial judge denied this motion on other grounds, he may very well have relied on evidence contained in these depositions in considering the equities.

Finally, the wife alleges error in certain findings of fact and law contained in the May 5, 1990 order arguing such findings were either unsupported by the evidence or were not germane to the issues at hand. We agree that some of the trial judge's findings were not germane based on his rulings. We thus modify the order of May 5, 1990 inasmuch

---

[3] *See Croom v. Croom*, ___ S.C. ___ , 406 S.E. (2d) 381 (Ct. App. 1991) (rule requiring alimony to continue when supported spouse chooses to live in a continuing illicit relationship rather that remarry invidiously discriminates by penalizing divorced spouse for remarrying, but rewarding one for cohabitating without benefit of marriage, and such rule is offensive to public policy).

as all findings that touch on the issue of termination or modification of alimony shall be struck as this issue was not properly before the court by motion, the Rule 60(b) motion having been denied, and they were not relied upon in his rulings on other issues. We find all other arguments by the wife on this issue to be meritless.

For the foregoing reasons, the order below is affirmed as modified.

CURETON, J., and LITTLEJOHN, Acting Judge, concur.

