2207

Vida L. CHRISTY, Respondent v. James C. CHRISTY, Appellant.
James C. CHRISTY, Respondent v. Vida L. CHRISTY, Appellant.

(452 S.E. (2d) 1)

Court of Appeals

---

*Thomas R. Goldstein,* of *Belk, Cobb, Chandler & Goldstein,* Charleston, *for appellant-respondent.*

*Robert N. Rosen* and *Donald B. Clark,* both of *Rosen, Rosen & Hagood,* Charleston, *for respondent-appellant.*

Submitted May 10, 1994.

Decided Nov. 4, 1994.

### ORDER TO WITHDRAW ORIGINAL OPINION AND SUBSTITUTE SUBSEQUENT OPINION AND TO DENY PETITION FOR REHEARING

Opinion No. 2207, filed July 25, 1994, in the above appeal is hereby withdrawn and the following opinion is substituted therefor.

After a careful consideration of the Petition for Rehearing, the Court is unable to discover that any material fact or principle of law has been either overlooked or disregarded and, hence, there is no basis for granting a rehearing. It is, therefore, ordered that the Petition for Rehearing be denied.

And it is so ordered.

SHAW, Judge:

In this domestic matter, we consolidate two related appeals.[1] The facts appear as follows.

The parties were divorced by a family court order dated August 2, 1989. The husband appealed and this court affirmed in part and modified the monthly alimony award. Several issues subsequently arose in the family court including the husband's reduction of the monthly alimony payments before the remittitur was filed from the appellate court, payment of attorney fees to the wife for a rule to show cause, both parties' requests for assessment of interest, and reimbursement or offset for overpayment of alimony following modification. There was also the issue of the recusal of one family court judge from a hearing on a contempt proceeding. The husband has appealed from several family court orders relating to these matters. The wife appeals from an order offsetting future alimony payments for overpayment of alimony. We affirm in part and reverse in part.

We address the issues under the categories of (1) reduction of alimony payments and (2) award of interest.

### Reduction of alimony payments

The family court awarded the wife $2,500 per month in permanent, periodic alimony. On appeal, this court modified the award to $1,750 per month by a decision dated September 24, 1991. The remittitur was sent down from this court on January 10, 1992, after petitions for rehearing and certiorari were denied.

The wife filed a complaint for contempt dated November 21, 1991, in which she alleged the husband had violated the family court order because he paid $1,750 in alimony for November rather than $2,500. A rule to show cause was issued in December 1991. In addition to an answer and counterclaim, the husband filed a motion to change venue, a motion for continuance, and a motion for leave to take depositions.

On December 16, 1991, the parties and counsel appeared before the Hon. Robert R. Mallard on the rule to show cause. At that time, counsel for the wife asked Judge Mallard to recuse himself based upon concern about his impartiality. Judge Mallard granted the motion for recusal.

[1] *See* Rule 213, SCACR.

The parties and counsel then appeared before the Hon. L. Mendel Rivers. By an order dated December 16, 1991, Judge Rivers denied the motion for a continuance. On January 6, 1992, he also denied the motion to change venue and motion for discovery. On the merits, Judge Rivers found the husband was not in contempt of court because he was acting on the advice of counsel. However, he held there was no final disposition of the appeal until the remittitur was filed. Therefore, the husband was ordered to pay the monthly alimony pursuant to the family court order until the remittitur was filed. The court awarded $850 in attorney fees to the wife. It is from these orders of Judge Mallard and Judge Rivers that the husband appeals.

In February 1992, the husband brought an action seeking reimbursement for an alleged overpayment of $22,500 in alimony based upon the payment of $750 per month in excess of the modified amount for a 30-month period. He asserted he was entitled to this amount from August 1989, the date of the original family court award, to January 1992, the date the remittitur was sent down from the Court of Appeals decision reducing the amount of the Wife's alimony award. The matter was heard before the Honorable James A. Spruill, III on November 30, 1992. On December 29, 1992, Judge Spruill issued his order finding the husband was entitled to deduct $500 monthly from his alimony payment to offset his overpayment of $22,500. It is from this order of Judge Spruill that the wife appeals.

The husband first contends Judge Mallard erred in recusing himself from the contempt proceeding at the request of the wife's counsel. We disagree.

Canon 3(C)(1) of the Code of Judicial Conduct, Rule 501, SCACR provides that a "judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned." Thus, a judge must exercise sound judicial discretion in determining whether his impartiality might reasonably be questioned. Judge Mallard concluded it would be in the best interest of all parties that he recuse himself. We will not second guess his determination, for whether or not he was able to exercise impartiality, he judiciously chose to avoid the appearance of impropriety. Further, there is no indication the decision prejudiced the husband. Presumably, Judge

Rivers applied the same principles of law Judge Mallard would have applied.

The husband next asserts Judge Rivers erred in refusing to change venue of the case from Charleston to Berkeley County. We disagree. The husband resided in Charleston County at the commencement of the divorce action, but moved to Berkeley County. The contempt proceeding before Judge Rivers was a direct outgrowth of the divorce action which was brought in Charleston County. We find no prejudice to the husband.

The husband further asserts error in Judge Rivers's decision to deny a continuance for purposes of discovery depositions. The matter before the court was a rule to show cause ina contempt proceeding for failure of the husband to pay court-ordered alimony. The husband wanted to take the deposition of the wife to demonstrate she could pay attorney's fees. He also wanted to take the deposition of her alleged live-in paramour asserting any common-law marital relationship would bar the wife from receiving alimony. We agree with Judge Rivers there was no necessity for the depositions. Whether the wife had such a relationship was irrelevant to this proceeding. The husband could bring a later action to modify alimony if he believed there had been a change of circumstances due to the alleged paramour. Further, the wife stipulated she could pay attorney's fees, but should not have to in order to enforce her rights. Therefore, there was no issue of her ability to pay.

The husband also contends Judge Rivers erred in ordering him to pay $850 in attorney's fees on the rule to show cause. Counsel for the wife submitted an affidavit regarding attorney's fees to the court seeking $1,180. Counsel for the husband indicated a desire to cross-examine opposing counsel, but the court refused the request. We find no error. It is axiomatic that an award of attorney fees by the trial judge in a domestic action will not be disturbed on appeal absent an abuse of discretion. Our review of the record reveals no abuse of discretion. The amount awarded was less than the amount sought. We further note these attorney's fees were incurred as the result of a contempt proceeding. Although the court did not find the husband technically in contempt as he failed to make full payments on the advice of

counsel, the matter was brought by the wife to enforce compliance with the court's order. Accordingly, we find no error.

The husband further alleges error in Judge Rivers' determination that the husband was required to continue to pay the original alimony award of $2,500 a month since the remittitur had not been returned by the appellate court. He asserts this court's opinion modifying the alimony award was effective as of September 24, 1991, the date of issue. We disagree.

The final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court. *McDowell v. South Carolina Department of Social Services*, 300 S.C. 24, 386 S.E. (2d) 280 (Ct. App. 1989). Until that time, the case is pending on appeal. Once the remittitur is sent down from the appellate court, the lower court acquires jurisdiction to enforce the judgment and take any action consistent with the appellate court ruling. *Muller v. Myrtle Beach Golf and Yacht Club*, — S.C. —, 438 S.E. (2d) 248 (1993). We therefore conclude an order of the lower court is effective until superseded or until the remittitur is filed in the lower court, thereby directing the lower court to take action consistent with the appellate ruling.

In conjunction with this ruling, we further hold Judge Spruill erred in finding the husband was entitled to repayment of $750 per month in alimony from August 1989 to January 1992. It is true we said in *Brown v. Brown*, 286 S.C. 56, 331 S.E. (2d 793 (Ct. App. 1985) *(Brown II)* that as a general proposition of law a party who receives payment under a judgment subsequently reversed must restore whatever advantage he obtained thereby to his adversary. However, *Brown, II*, and its predecessor *Brown v. Brown*, 278 S.C. 43, 292 S.E. (2d) 297 (1982) *(Brown I)* involved situations where there was in place a prior base award of alimony and the trial court modified that award which was subsequently either reversed or affirmed on appeal.

It therefore follows that different considerations are involved where the appellate court modifies an award of alimony as opposed to where the trial court modifies such an award. As stated in *Brown II*, when the appellate court reverses a trial court's modification award the parties are restored to their positions under the original award, the

order of modification is vacated and the party receiving benefits thereunder must restore those benefits. Likewise, where the appellate court affirms a trial court order modifying a prior award, the modified award takes effect from its date of entry not the date of affirmance by the appellate court.

On the other hand, where an appellate court modifies an alimony award, the modified award is not as a matter of law entitled to retroactive application. *Smith v. Smith*, 308 S.C. 492, 419 S.E. (2d) 232 (Ct. App. 1992). Like in *Smith*, this case involves an appellate modification of an original alimony award and, thus, the husband is not entitled, as a matter of law, to retroactive application of the modification. For future guidance of the bench and bar, an appellate modification of alimony whether an increase or a decrease, does not apply retroactively unless otherwise directed by the appellate court.

Accordingly, we hold the order of a lower court is effective until superseded or until the remittitur is filed directing the lower court otherwise, and any modification by the appellate court is to have prospective application from the date the remittitur is filed, unless otherwise directed by the appellate court.

### Award of interest

In the final order of divorce dated August 2, 1989, the family court ordered the husband to pay the wife $30,000 in attorney's fees. On appeal, this court affirmed the award. The wife subsequently sought recovery of interest on the attorney's fee award. Judge Rivers held the wife was entitled to interest finding the attorney's fee award was a "money decree" or "judgment of court" under S.C. Code Ann. § 34-31-20(B) and thus should draw interest at the statutory rate. The husband sought interest on the family court's equitable distribution award under the original order. Judge Rivers denied his motion noting the equitable distribution award was a distribution of marital property and not a money judgment. The husband has appealed both of these orders.

S.C. Code Ann. § 34-31-20(B) (1987) provides:

All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal

interest shall be at the rate of fourteen percent per annum.

The South Carolina Supreme Court has held fixed awards of money for equitable distribution shall accrue interest at the post-judgment rate from the date of the judgment or the date each payment of specified periodic payments becomes due. *Casey v. Casey*, — S.C. —, 428 S.E. (2d) 714 (1993). The cash award of attorney's fees in this case is similar to the fixed award of money in *Casey* and we see no reason to distinguish the attorney's fee award from the fixed equitable distribution money award. Therefore, we find no error in the award of interest to the wife on the attorney's fee award.

With respect to the equitable distribution, the family court valued the marital property and allocated it between the parties. Each party was awarded various specific assets including bank accounts, personal property, and real property. For example, the husband was awarded the business and the wife was awarded the marital home. Neither party was ordered to make a cash payment to the other as part of the equitable distribution. Rather, the parties were ordered to make appropriate transfers of title to the various properties. We agree with the family court this form of distribution is not subject to interest. It is distinguishable from the fixed award of money in *Casey*. Although the husband was awarded cash accounts as part of the equitable distribution of property, he was not awarded a money judgment as part of the equitable distribution. Further the husband received interest on the cash accounts, as interest was allowed to accumulate on the bank accounts during the appeal and the husband received this interest along with the original sum held in the account at the time of the award. We find no error in the denial of interest on the equitable distribution award as it was not an order to make a set cash payment by merely a distribution of property.

For the foregoing reasons, the orders of Judge Mallard and Judge Rivers are affirmed and the order of Judge Spruill is reversed.

Affirmed in part and reversed in part.

HOWELL, C.J., and CURETON, J., concur.