2420

Jasper GREEN Appellant/Respondent v.
Patricia GREEN, Respondent/Appellant.

(465 S.E. (2d) 130)

Court of Appeals

*John W. Weeks, Jr.,* Aiken, *for appellant/respondent.*

*Mary J. Wiesen-Kosinski,* Aiken, *for respondent/appellant.*

Heard Oct. 4, 1995.

Decided Nov. 13, 1995; Reh. Den. Dec. 20, 1995.

CURETON, Judge:

In this domestic action, both Jasper Green (the husband) and Patricia Green (the wife) appeal various aspects of the family court's order which was issued after we remanded the original divorce action.[1] We affirm.

The family court originally awarded the parties a divorce on the ground of one year continuous separation on December 5,

---

[1] *Green v. Green,* Op. No. 93-UP-315 (S.C. Ct. App. filed November 23, 1993).

1991. The court denied the wife's plea for alimony and attorney fees. The wife appealed, asserting the trial court failed to make findings of fact supporting its decision to deny alimony. We reversed the court's decision and remanded the case for consideration of the appropriate factors in determining an alimony award and for reconsideration of the wife's plea for attorney fees in light of our ruling on the issue of alimony. Because the parties filed for divorce prior to the effective date of the new alimony statute, S.C. Code Ann. § 20-3-130 (Supp. 1994), the remand order instructed the family court to specifically address the factors set forth in *Lide v. Lide*, 277 S.C. 155, 283 S.E. (2d) 832 (1981).

The same family court judge who heard the original action heard the case on remand. He issued an order on March 25, 1994, awarding the wife $350.00 per month in alimony, retroactive to December 5, 1991, and $4,000.00 in attorney fees. In doing so, he in effect created a $9,350.00[2] debt from the husband to the wife, which amount he ordered the husband to remit to the wife within sixty days of the date of the order.

The husband subsequently filed a Rule 59(e) motion seeking reconsideration of, among other things, the retroactive portion of the order and the wife's attorney fees award. The wife filed a motion to dismiss the husband's Rule 59(e) motion on the ground it was not timely filed. The judge denied the wife's motion but granted her request to amend the March 25, 1994 order to include a provision ordering the husband to pay $847.43 per month in child support which provision was inadvertently omitted from the March 25, 1994 order. The judge also denied the husband's motion regarding attorney fees. Additionally, he refused to relieve the husband of the retroactive alimony award, but modified his order to allow the husband to discharge the award by the payment of $150.00 per month in addition to his ongoing monthly support obligation. Both the husband and the wife appeal. We affirm.

---

[2] The trial judge's order reflects a $9,450.00 debt from husband to wife. We view this as a typographical error.

## I. THE WIFE'S APPEAL

On appeal, the wife argues the trial court erred in failing to dismiss the husband's Rule 59(e) motion where the evidence indicates it was untimely filed. We disagree.

The husband acknowledge he received the March 25, 1994 order on April 2, 1994. The envelope in which he marked his *pro se* Rule 59(e) motion was postmarked April 14, 1994, more than ten days after he acknowledged receipt of the order. The motion itself was dated April 12, 1994. In response to the wife's argument that his motion should be dismissed, the husband proffered testimony that he knew the significance of the ten-day time limitation and adhered to it by mailing the motion on the tenth day after he received the order. In response to the judge's question regarding the disparity in the dates, the husband's attorney theorized either the envelope was incorrectly postmarked or the husband misstated the date on which he received the order. The judge accepted this explanation and entertained the motion. We find no error in this decision.

A motion to alter or amend a final judgment brought pursuant to Rule 59(e), SCRCP, must be served within ten days of receipt of written notice of entry of the order. Rule 5(b)(1), SCRCP, provides that "service by mail is complete upon mailing of all pleadings and papers subsequent to service of the original service and complaint." Mailing ordinarily occurs when a document is deposited with the U.S. Postal Service properly addressed with sufficient postage affixed. *Southbridge Prop. Inc. v. Jones*, 292 S.C. 198, 355 S.E. (2d) 535 (1987). Any designated mail depository box, whether in a building or along a mail route, constitutes a depository authorized for the receipt and delivery of mail. *Rosen v. United States*, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406 (1918). Although the postmark date on an envelope is compelling evidence in cases where timely service through the mail is at issue, we are unaware of any authority, and the wife cites none, indicating the postmark date is dispositive. *See* William B. Johnson, Annot., *Proof of Mailing by Evidence of Business or Office Custom*, 45 A.L.R. (4th) 476 (1986). Such would assume the infallibility of the U.S. Postal Service, an illogical assumption given the volume of letters and packages constantly being processed and the number of human hands any one en-

velope may pass through. We find no abuse of discretion in the trial court's finding that the motion was timely served by mail. *Cf. Beckham v. Durant*, 300 S.C. 329, 332, 387 S.E. (2d) 701, 703 (Ct. App. 1989) (failure to make proof of service does not affect the validity of service.

Moreover, the wife requested and received relief pursuant to the husband's Rule 59(e) motion, in that the judge amended his March 25, 1994 order to include a provision for child support which had been inadvertently omitted. Therefore, the wife may not now complain the trial court abused its discretion in refusing to dismiss the husband's Rule 59(e) motion.

The wife also argues the trial judge erred in altering the provisions of the March 25, 1994 order pursuant to the husband's untimely filed Rule 59(e) motion. We need not address this issue in light of our holding regarding the issue of the timeliness of service.

## II. THE HUSBAND'S APPEAL

The husband asserts the trial court erred, as a matter of law, in awarding retroactive alimony. He asserts that because the wife did not request retroactive alimony [at the remand hearing], "he was not giving the opportunity to argue against any type of retroactive almony or argue any evidence of his financial condition to rebut a claim for retroactive alimony." Finally, he argues the trial judge did not have the authority, nor was it equitable, to order retroactive alimony in this case. We disagree.

The husband relies heavily on the holdings of *Smith v. Smith*, 308 S.C. 492, 419 S.E. (2d) 232 (Ct. App. 1992), and *Brown v. Brown*, 286 S.C. 56, 331 S.E. (2d) 793 (Ct. App. 1985), for the proposition that the wife is not entitled to retroactive alimony under the facts of this case "because the case at hand does not involve the reversal on appeal of a reduction or termination of support payments." *Smith*, 308 S.C. at 496, 419 S.E. (2d) at 234. In *Smith*, the wife appealed the family court's order denying her request for retroactive application of alimony which had been increased on appeal. On appeal, Smith argued she was entitled to retroactive application as a matter of law. *Id.* We distinguished the facts of *Smith* from prior cases such as *Brown*, 286 S.C. 56, 331 S.E. (2d) 793, which in-

volve scenarios where improper reduction or termination of alimony is reversed on appeal and retroactive application will be granted as a matter of law so as to place the parties back in the same position as if no reduction had occurred. *Smith*, 308 S.C. 492, 419 S.E. (2d) 232. Because the wife in *Smith* was granted an increase on appeal, we held she was not automatically entitled to retroactive application of the award. *Smith; see also Christy v. Christy*, 317 S.C. 145, 452 S.E. (2d) 1 (Ct. App. 1994) (an appellate modification of alimony applies retroactively only if ordered by the appellate court).

We find the *Brown, Smith* and *Christy* line of cases distinguishable in that neither case dealt with the initial denial of alimony. We hold that where a family court does not establish a basis for an award or denial of alimony, and the matter is remanded for further findings of fact in support of the court's decision, and the family court makes a retroactive award, we will not hold as a matter of law that the court erred in awarding retroactive alimony. Rather, we will review such an award for an abuse of discretion.

Here, there was no initial award of alimony and we made no award on appeal. In considering the relevant factors on remand, the trial judge determined he should have granted the wife alimony initially and, in an effort to put her in the position she would have been in as of the date of the final divorce decree, ordered the husband to pay alimony retroactive to the date of the original order. Moreover, in an effort to temper the potentially devastating financial consequences of ordering the husband to pay the arrearage within two months of the remand order, the trial judge modified his order on reconsideration to allow monthly payments on the arrearage. As we read the record, the trial court based his alimony award on the evidence presented at the initial divorce hearing.[3] Under the facts of this case, we hold the award did not amount to an abuse of discretion.

---

[3] The court found the husband's income at the time of the initial hearing was $3,440 per month compared to the wife's income of $1,027 per month. For the purposes of setting child support, it found the husband's income at the time of the remand hearing was $3,790 per month, while the wife's income was $952.06 per month. Based on the child support guidelines, he reduced the husband's child support payment from $900 per month to $847.43 per month. Finally, the court found the wife was in poor physical condition and was unable to work full time.

### III.

The husband also argues the family court erred in awarding the wife attorney fees on remand. Specifically, the husband asserts the wife should have pursued an award of attorney fees at the appellate level pursuant to Rule 222, SCACR and that the trial court should not have considered the time spent on the appeal in setting attorney fees. We find no abuse of discretion.

Pursuant to S.C. Code Ann. § 20-7-420(38) (Supp. 1994), attorney fees may be assessed against a party to an action brought in the family court. An award of attorney fees rests within the sound discretion of the trial judge and should not be disturbed on appeal unless there is an abuse of discretion. *Ariail v. Ariail*, 295 S.C. 486, 369 S.E. (2d) 146 (Ct. App. 1988). While Rule 222, SCACR, vests authority in appellate courts to grant attorney fees on appeal, nothing in the Rule divests the family court of authority to award fees incurred pursuant to an appeal where, as here, the issue of attorney fees was an issue on appeal and the case was remanded for consideration of attorney fees in light of the ultimate decision on remand. Also, nothing in Rule 222 or case law indicates a party's failure to seek attorney fees on the appellate's level will constitute a waiver of those fees. *See Muller v. Myrtle Beach Golf & Yacht Club*, 313 S.C. 412, 438 S.E. (2d) 248 (1993). Moreover, the family court judge in the instant case specifically considered the factors enumerated in *Blumberg v. Nealco*, 310 S.C. 492, 427 S.E. (2d) 659 (1993) and found the $4,000.00 award to the wife was reasonable, even excluding the wife's attorney's time associated with the appeal.

For the foregoing reasons, the decision of the family court is

Affirmed.

GOOLSBY and HEARN, JJ., concur.