THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Susan F. Van Epps,       
Appellant/Respondent,
 
 
 

v.

 
 
 
Leslie D. Stewart,       
Respondent/Appellant.
 
 
 

Appeal From Darlington County
Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2004-UP-170
Submitted February 9, 2004  Filed March 
 16, 2004

AFFIRMED

 
 
 
H. Fred Kuhn, Jr., of Beaufort, for Appellant-Respondent. 

Cheryl Turner Hopkins, of Florence, for Respondent-Appellant.
 
 
 

PER CURIAM:  Leslie D. Stewart and Susan 
 F. Van Epps cross appeal the family courts order granting Van Epps a temporary 
 reduction in child support payments, awarding Stewart partial attorneys fees, 
 and declining to sanction Van Epps for contempt.  We affirm [1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:  
 As to all issues:  Allen v. Allen, 347 S.C. 177, 181-182, 554 
 S.E.2d 421, 423 (Ct. App. 2001) (In appeals from the family court, the appellate 
 court has authority to find the facts in accordance with its own view of the 
 preponderance of the evidence.  However, this broad scope of review does not 
 require us to disregard the findings of the family court.  Neither are we required 
 to ignore the fact that the trial judge, who saw and heard the witnesses, was 
 in a better position to evaluate their credibility and assign comparative weight 
 to their testimony.  (internal citations omitted)).  
As to Van Epps Issue: Calvert v. Calvert, 
 287 S.C. 130, 336 S.E.2d 884 (Ct. App. 1985) (holding a substantial or material 
 change of circumstances must occur to warrant a modification of child support.); 
 Miller v. Miller, 299 S.C. 307, 384 S.E.2d 715, 717 (1989) (holding a 
 reduction in child support cannot be based on a decrease in the noncustodial 
 parents income absent a strong showing by the latter that he or she can no 
 longer make the support payments required by the earlier order); Engle v. 
 Engle, 343 S.C. 444, 449, 539 S.E.2d 712, 714 (Ct. App. 2000) (Where a 
 parent voluntarily lessens his or her earning capacity, this Court will closely 
 scrutinize the facts to determine the parents earning potential, rather than 
 the parents actual income.).
As to Stewarts Issue I:  Smith v. Smith, 
 308 S.C. 492, 495, 419 S.E.2d 232, 234-235 (Ct. App. 1992) (holding that an 
 award of attorneys fees is within the sound discretion of the trial judge and 
 will not be disturbed absent an abuse of that discretion); Glasscock v. Glasscock, 
 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (holding the trial court must 
 consider six factors in determining the amount of an award of attorneys fees:  
 (1) the nature, extent, and difficulty of the case; (2) the time necessarily 
 devoted to the case; (3) professional standing of counsel; (4) contingency of 
 compensation; (5) beneficial results obtained; [and] (6) customary legal fees 
 for similar services.).
As to Stewarts Issue II:  Am. Fed. Bank 
 v. Kateman, 335 S.C. 273, 277, 516 S.E.2d 1, 2 (Ct. App. 1999) (Contempt 
 results from the willful disobedience of a court order.); Jackson v. Jackson, 
 241 S.C. 1, 126 S.E.2d 855 (1962) (holding a determination of contempt should 
 be imposed sparingly and within the sound discretion of the trial judge); Taylor 
 v. Taylor, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) (The 
 determination of contempt is within the discretion of the trial judge and will 
 not be disturbed in the absence of plain abuse of that discretion [and] [a]lthough 
 a family court is empowered to find and punish for contempt, there is no requirement 
 that sanctions be imposed upon such a finding.).  
 AFFIRMED.
HUFF and STILWELL, JJ., and CURETON, A.J., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.