**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Mokhtar Elkachbendi, Petitioner,

v.

Anne K. Elkachbendi, Suzanne H. Ruth, Individually and as Trustee of the Suzanne H. Ruth Revocable Trust UDO February 25, 2003, Daniel Ruth and Suzanne H. Ruth Revocable Trust, Defendants,

Of Whom Anne K. Elkachbendi is, Respondent,

v.

Nouhza Elkachbendi Warning, Third Party Defendant.

Appellate Case No. 2012-213244

─────────────

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

─────────────

Appeal From Charleston County
The Honorable Paul W. Garfinkel, Family Court Judge

─────────────

Memorandum Opinion No. 2014-MO-035
Submitted August 27, 2014 – Filed September 17, 2014

─────────────

**REVERSED**

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, for Petitioner.

Theresa Marie Wozniak Jenkins, of Ameika DeVane & Mack, of Charleston, and David L. DeVane, of Summerville, for Respondent.

**PER CURIAM:**  Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *Elkachbendi v. Elkachbendi*, Op. No. 2012-UP-479 (S.C. Ct. App. filed Aug. 15, 2012).  We grant the petition, dispense with further briefing, reverse the Court of Appeals' decision, and remand the case to the family court to rule on petitioner's Rule 59(e), SCRCP motion pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Issue I: Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.") (emphasis added); *USAA Property and Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 661 S.E.2d 791 (2008) (in determining the timeliness of a Rule 59(e) motion to reconsider, the Court presumed counsel was being truthful when representing the date she received notice of entry of the order, and cited Rule 407(1), SCACR ("A lawyer, being a member of the legal profession, is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice."); Rule 3.3(a)(1), RPC ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."); Rule 4.1(a), RPC ("In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person."); Rule 8.4(d), RPC ("It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."); *Upchurch v. Upchurch*, 376 S.C. 16, 624 S.E.2d 643 (2006) (finding notice of future entry of an order was not notice of entry of judgment); *Green v. Green,* 320 S.C. 347, 465 S.E.2d 130 (Ct. App. 1995) (noting the postal service is not infallible and the postmark date on an envelope is not dispositive evidence of timely service).  Issue II: *See Eason v. Eason*, 384 S.C. 473, 682 S.E.2d 804 (2009) (where an appellate court's disposition of an issue reverses the lower court's decision, the issue of attorney's fees is remanded for reconsideration); *Patel v.*

*Patel*, 359 S.C. 515, 599 S.E.2d 114 (2004) (finding an award of attorney's fees lies within the sound discretion of the family court and will not be disturbed absent an abuse of discretion).

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur. HEARN, J., not participating.**