**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Holly Lawrence, Appellant,

v.

Jennifer Brown, Respondent.

Appellate Case No. 2016-000479

———————————

Appeal From Charleston County
Jocelyn B. Cate, Family Court Judge

———————————

Unpublished Opinion No. 2018-UP-268
Submitted May 1, 2018 – Filed June 20, 2018

———————————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————————

James Fletcher Thompson, of James Fletcher Thompson, LLC, of Spartanburg, and Allison Boyd Bullard, of Harling & West, LLC, of Columbia, both for Appellant.

Shannon Phillips Jones, of Shannon Jones Law Firm, LLC, of Charleston, for Respondent.

———————————

**PER CURIAM:** Holly Lawrence appeals the family court's orders denying her request for a further hearing as to her cause of action against Jennifer Brown for

attorney's fees and costs.  On appeal, Lawrence argues the family court erred in holding (1) it lacked jurisdiction to address her claim for both trial and appellate attorney's fees following receipt of remittitur from the supreme court and (2) she had abandoned her claim for attorney's fees.  We affirm in part, reverse in part, and remand to the family court to determine if Lawrence was entitled to trial-level attorney's fees.

## STANDARD OF REVIEW

Generally, on appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  However, appellate courts review the "family court's evidentiary or procedural rulings . . . using an abuse of discretion standard."  *Stoney v. Stoney*, Op. No. 27758 (S.C. Sup. Ct. filed April 18, 2018) (Shearouse Adv. Sh. No. 16 at 9).

## JURISDICTION

Lawrence argues, "The family court is vested with jurisdiction to award attorney['s] fees following receipt of the remittitur from the [s]upreme [c]ourt."  Lawrence asserts this jurisdiction extends to awards of both trial and appellate attorney's fees.  Lawrence also contends the family court improperly relied on *Lawton v. New York Life Insurance Co.*[1] and "equated [her] request for attorney['s] fees to 'splitting' a cause of action."  We agree the family court erred in holding it lacked jurisdiction to award Lawrence trial-level attorney's fees; however, we find the family court did not err in finding it lacked jurisdiction to award Lawrence appellate attorney's fees.

First, we find the family court erred in finding it did not have jurisdiction to consider Lawrence's cause of action for trial-level attorney's fees following the issuance of remittitur from the supreme court.  *See Martin v. Paradise Cove Marina, Inc.*, 348 S.C. 379, 385, 559 S.E.2d 348, 352 (Ct. App. 2001) ("[C]ourts are vested with jurisdiction to hear motions for statutory attorney['s] fees and costs

---

[1] 181 S.C. 230, 232, 186 S.E. 909, 910 (1936) ("[T]he rule against splitting is that a single cause of action, claim[,] or demand cannot be split up or divided so as to be made the subject of different actions." (quoting Corpus Juris, 1106, 1107, § 276)).

after the remittitur has been issued.").  Initially, we find the family court had statutory authority to determine attorney's fees in this case because (1) the underlying case concerned the validity of Lawrence's consent for Brown to adopt Lawrence's baby girl (Child) and (2) Lawrence requested attorney's fees in her complaint.  *See* S.C. Code Ann. § 63-3-530(A)(38) (2010) (providing if a party has requested attorney's fees in a pleading or motion, the family court may generally assess attorney's fees "for or against a party to an action brought in or subject to the jurisdiction of the family court"); S.C. Code Ann. § 63-9-40 (2010) (stating the family court has jurisdiction over adoption proceedings);  S.C. Code Ann. § 63-9-310(F) (2010) (authorizing the payment of reasonable attorney's fees to a child-placing agency or person so long as the fees are not provided as "consideration for giving a consent or relinquishment of a child for the purpose of adoption").  Next, we find the family court may rule on Lawrence's trial-level attorney's fees because the supreme court made no inconsistent ruling as to Lawrence's attorney's fees in its opinion.  *See Christy v. Christy*, 317 S.C. 145, 151, 452 S.E.2d 1, 4 (Ct. App. 1994) ("Once the remittitur is sent down from the appellate court, the lower court acquires jurisdiction to enforce the judgment and take any action consistent with the appellate court ruling.").  Thus, we find the family court had jurisdiction to determine Lawrence's trial-level attorney's fees.

Second, we find the family court did not err by finding it lacked jurisdiction to determine whether Lawrence was entitled to appellate attorney's fees because the supreme court did not remand the issue of attorney's fees to the family court.  *See Thornton v. Thornton*, 328 S.C. 96, 113-14, 492 S.E.2d 86, 95 (1997) ("[T]he family court's award of attorney's fees should not include fees incurred in the course of appellate representation."); *Green v. Green*, 320 S.C. 347, 353, 465 S.E.2d 130, 134 (Ct. App. 1995) ("While Rule 222, SCACR, vests authority in appellate courts to grant attorney['s] fees on appeal, nothing in the Rule divests the family court of authority to award fees incurred pursuant to an appeal where . . . the issue of attorney['s] fees was an issue on appeal[,] and the case was remanded for consideration of attorney['s] fees in light of the ultimate decision on remand.").  Furthermore, the supreme court awarded Lawrence $1,583.39 in appellate attorney's fees and costs pursuant to Rule 242, SCACR.  We note Lawrence argues *Austin v. Stokes-Craven Holding Corp.*,[2] *Muller v. Myrtle Beach Golf and Yacht Club*,[3] and *Taylor v. Medenica*[4] all state the award of appellate attorney's fees pursuant to appellate court rules does not prevent a party from also

---

[2] 406 S.C. 187, 198-200, 750 S.E.2d 78, 83-85 (2013).
[3] 313 S.C. 412, 416, 438 S.E.2d 248, 250 (1993).
[4] 332 S.C. 324, 325-26, 504 S.E.2d 590, 591 (1998).

seeking statutorily authorized attorney's fees in circuit court, and thus, she should be allowed to seek appellate attorney's fees in the family court. However, we find *Austin*, *Muller*, and *Taylor* are all legally distinguishable from this case because they were not decided in the family court. Thus, we find the family court correctly found it lacked jurisdiction to award Lawrence appellate attorney's fees.

Third, we find the family court erred by finding the rule against splitting applied in this case. *See Lawton*, 181 S.C. at 232, 186 S.E. at 910 ("[T]he rule against splitting is that a single cause of action, claim[,] or demand cannot be split up or divided so as to be made the subject of different actions" (quoting Corpus Juris, 1106, 1107, § 276)). Here, Lawrence brought one suit against Brown alleging several different causes of action, one of which sought attorney's fees. Lawrence did not address attorney's fees at the family court hearing on April 7-9, 2014, (the consent hearing) because the parties consented to bifurcate the case and only focus on the issue of whether Lawrence validly consented to Brown's adoption of Child. Furthermore, at the consent hearing, the family court stated it would hold the attorney's fees issue in abeyance. After the family court decided the consent issue in Lawrence's favor, Brown voluntary dismissed her amended complaint and appealed the consent issue. Following remittitur, Lawrence sought to assert her claim for attorney's fees. We find Lawrence asserting her remaining cause of action did not constitute "splitting" a single cause of action, especially given the fact (1) the parties consented to limiting the scope of the consent hearing, (2) the family court told Lawrence it would hold attorney's fees in abeyance, and (3) the family court's order did not address Lawrence's attorney's fees. *See Mitchell v. Fed. Intermediate Credit Bank*, 165 S.C. 457, 465, 164 S.E. 136, 138 (1932) ("But the rule against splitting causes of action cannot be applied unless the two claims separately sued on were both parts of one and the same cause of action, equally available for purposes of suit at the time of the first action, and *equally within the scope and purview of that action*; and where the Court, in its discretion, *limits the recovery in the first action to a part of the claim, a separate action for the residue is not barred.*" (emphasis added) (quoting 34 C. J. 827)). Thus, we find the rule against splitting does not apply in this case.

Accordingly, we affirm the family court's determination that it lacked jurisdiction to consider Lawrence's entitlement to appellate attorney's fees, and we reverse the family court's determination that it lacked jurisdiction to consider Lawrence's entitlement to trial-level attorney's fees.

**ABANDONMENT**

Lawrence argues she "did not abandon her statutory right to request attorney['s] fees from [Brown]." We agree.

We find the family court abused its discretion by finding Lawrence abandoned her cause of action for trial-level attorney's fees against Brown.[5] First, Lawrence never expressly withdrew her cause of action for attorney's fees against Brown at the consent hearing. *See Ariail v. Ariail*, 295 S.C. 486, 490, 369 S.E.2d 146, 148 (Ct. App. 1988) (vacating a family court order that addressed alimony when the plaintiff "expressly withdrew her request for alimony"); *Brown v. Howell*, 284 S.C. 605, 610, 327 S.E.2d 659, 662 (Ct. App. 1985) (finding the trial court "committed prejudicial error in charging the jury on the question of unavoidable accident when [the respondent] expressly abandoned consideration of the issue"). Instead, Lawrence told the family court she was not seeking attorney's fees at the consent hearing because attorney's fees were not an issue before the court; she contended the parties had agreed the only issue before the family court at the consent hearing was the validity of her consent for Brown to adopt Child. The family court stated it would hold attorney's fees in abeyance, and Lawrence further contended attorney's fees could be brought at another time without any prejudice and stated while she had not requested attorney's fees at the consent hearing, she had "secured [hers] for a later date." Furthermore, the family court's written order only ruled on Brown's attorney's fees and made no ruling or statement as to Lawrence's cause of action for attorney's fees. Thus, Lawrence did not expressly abandon her cause of action for attorney's fees.

Moreover, the family court may hold attorney's fees in abeyance pending resolution of other issues in a case. *See Sexton v. Sexton*, 310 S.C. 501, 502, 427 S.E.2d 665, 665-66 (1993) (stating attorney's fees, alimony, and equitable distribution were held in abeyance while the issue of "whether the family court had subject matter jurisdiction to divide property held by a third party was determined . . . on appeal"). Here, both Lawrence and Brown consented to the bifurcation of the case and stated Lawrence's consent was the dispositive issue. However, at the time of the consent hearing, each party still had other causes of action pending that the family court would need to decide before Child's custody could be finally determined and the case could end. Specifically, if the family

---

[5] Because this issue pertains to the procedural issue of whether Lawrence raised her cause of action for attorney's fees at the appropriate time, not the legal issue of determining the amount of attorney's fees to which Lawrence was entitled, we review this issue under an abuse of discretion standard. *See Stoney*, Op. No. 27758 (S.C. Sup. Ct. filed April 18, 2018) (Shearouse Adv. Sh. No. 16 at 9).

court found Lawrence's consent valid, Lawrence had a claim for violation of the Interstate Compact on the Placement of Children (ICPC); however, if the family court found Lawrence's consent invalid, Brown had a pending termination of parental rights (TPR) action against Lawrence and a claim for custody of Child as Child's psychological parent. Only after the family court ruled in Lawrence's favor on the issue of consent and dismissed Brown's Rule 59(e), SCRCP motion did Brown voluntarily dismiss her remaining claims against Lawrence, which in turn rendered Lawrence's ICPC claim moot. Immediately after voluntarily dismissing her amended complaint, Brown appealed the family court's determination that Lawrence's consent was invalid. Because (1) both parties had other causes of action pending at the time of the consent hearing; (2) Brown immediately appealed the family court's order following her dismissal of her amended complaint; and (3) attorney's fees may be held in abeyance pending resolution of other issues, we find Lawrence did not abandon her cause of action for attorney's fees by failing to argue attorney's fees at the consent hearing, in a Rule 59(e) motion, or on appeal. Thus, we find the family court abused its discretion by finding Lawrence abandoned her cause of action for attorney's fees, and accordingly, we reverse and remand to the family court for a determination of whether Lawrence was entitled to trial-level attorney's fees.

## CONCLUSION

For the foregoing reasons, we affirm the family court's finding that it lacked jurisdiction to determine whether Lawrence was entitled to appellate attorney's fees. We reverse the family court's determination that it lacked jurisdiction to determine if Lawrence was entitled to trial-level attorney's fees and its finding that Lawrence abandoned her cause of action for attorney's fees. We remand the case to the family court for a determination of whether Lawrence is entitled to trial-level attorney's fees.[6]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[7]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[6] We make no determination as to whether Lawrence is entitled to trial-level attorney's fees.

[7] We decide this case without oral argument pursuant to Rule 215, SCACR.