**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

David C. Deen, Petitioner,

v.

Deborah B. Deen, Respondent.

Appellate Case No. 2020-000509

_____

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

_____

Appeal from Anderson County
Edgar H. Long, Jr., Family Court Judge

_____

Memorandum Opinion No. 2021-MO-007
Submitted March 15, 2021 – Filed May 12, 2021

_____

**REVERSED**

_____

Scarlet Bell Moore, of Greenville, for Petitioner.

Deborah B. Deen, of Summerville, Pro Se.

_____

**PER CURIAM:** After nearly twenty-five years of marriage, David Deen (Husband) and Deborah Deen (Wife) separated, and the family court approved a mediated agreement whereby Husband paid Wife $1,100 in monthly alimony. Approximately

six years later, Husband sought a reduction in alimony based upon a substantial change in the parties' financial circumstances. Although the family court found Wife's income had increased by 700%[1] and Husband's income had decreased by 27%, it held this did not constitute a substantial change in circumstances sufficient to justify a reduction in Husband's monthly obligation. The court of appeals affirmed in an unpublished opinion.

Based upon our de novo review of the record, we hold Husband demonstrated a substantial change in circumstances and a reduction in his alimony obligation was warranted. Accordingly, we reverse the court of appeals and reduce Husband's alimony payments by $300 per month pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo…."); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) ("The family court is a court of equity…. Our standard of review, therefore, is *de novo*."); S.C. Code Ann. § 20-3-170(A) (2014) (noting alimony may be modified when there has been a change of circumstances from the entry of the judgment); *Thornton v. Thornton*, 328 S.C. 96, 111, 492 S.E.2d 86, 94 (1997) ("The change in circumstances must be substantial or material in order to justify a modification of the previous alimony obligation."); *Riggs v. Riggs*, 353 S.C. 230, 236, 578 S.E.2d 3, 6 (2003) (citing S.C. Code Ann. § 20-3-170 (2014)) ("In addition to the changed circumstances of the parties, the financial ability of the supporting spouse to pay is a specific factor to be considered.").

Accordingly, Husband's support obligation is reduced to $800 per month beginning thirty days from the filing of this decision, and the decrease shall not be retroactive. *See Christy v. Christy*, 317 S.C. 145, 152, 452 S.E.2d 1, 5 (Ct. App. 1994) ("[A]n appellate modification of alimony whether an increase or a decrease, does not apply retroactively unless otherwise directed by the appellate court."); *see also Joye v. Yon*, 355 S.C. 452, 457-58, 586 S.E.2d 131, 134 (2003) (holding the payor spouse had no obligation to pay retroactive alimony for the time the supported spouse was married to her bigamous husband even though the case was remanded

---

[1] Although the family court found Wife's income had increased by 700%, her income actually increased by approximately 600%. However, an unappealed ruling becomes the law of the case. *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (holding that while a master's calculation of damages may have been incorrect, "an unappealed ruling, right or wrong, is the law of the case").

to the family court to use a newly-adopted framework to determine whether an award should have been reinstated).

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW, and JAMES, JJ., concur.**